**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph Patrick LONG, Defendant-Appellant.**

**No. 71-2593.**

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1972.

Frank L. Ross, Phoenix, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., Thomas N. Crowe, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before MERRILL, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was tried and found guilty of transporting marihuana in violation of 21 U.S.C. § 176a. We affirm.

Appellant objects to the admission of various conversations between himself and a government witness who had loaned him the car in which the transportation took place. He bases his contention on the district court's Local Rule 42, set

forth in the margin,[1] that requires the government attorney to furnish defense counsel, at least fifteen days before trial, with "all written or oral confessions, admissions or statements of the Defendant which the Government intends to use during the course of the trial."

Read as a whole, the rule was plainly intended to cover only those types of statements that are generally subject to court hearings prior to admission at trial. We conclude, as did the district court, that the rule is inapplicable to statements made by the defendant to witnesses other than law enforcement personnel or their agents.[2]

Affirmed.

1. Local Rule 42, United States District Court for the District of Arizona, provides as follows:

    "Unless otherwise ordered the United States Attorney at least fifteen days prior to trial, shall give written notice to the Defendant through his attorney of any and all written or oral confessions, admissions or statements of the Defendant which the Government intends to use during the course of the trial.

    Not less than ten days prior to the trial date, defendant's attorney shall, unless otherwise ordered, notify the Clerk and the United States Attorney of the objections, if any, which Defendant may have to such confessions, admissions or statements. On receipt of the objections, the Clerk shall fix a time and place for hearing such objections and determining the admissibility of the alleged confessions, admissions or statements."

    Rule 42 has been superseded by Local Rule 86, but the wording of the rule remains the same.

2. We take care to point out that we are dealing here only with the scope of the local rule, not of the general discovery provisions of Rule 16, Fed.R.Crim.P.