742 F.2d 1153
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lillian Marie HALL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Gregory WALSH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Debra Lynn BARNABEE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amy SHUBITZ, Defendant-Appellant.
 Nos. 84-1039 to 84-1041 and 84-1076.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 6, 1984.
Decided Sept. 13, 1984.
 
 John Leonardo, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.
 Kenneth K. Graham, Nancy Grey Postero, Keller & Postero, L. Anthony Fines, Hirsh & Fines, Tucson, Ariz., for defendant-appellant.
 Appeals from the United States District Court for the District of Arizona.
 Before BROWNING, Chief Judge, DUNIWAY and SNEED, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants appeal their conviction for trespassing on a military reservation. 18 U.S.C. Sec. 1382 (1982). We affirm.
 
 
 2
 Davis-Monthan Air Force Base is a closed, fenced-in military reservation where United States cruise missiles are stored. It has been the site of numerous peace demonstrations. Appellant Shubitz was arrested on the base during a demonstration on October 22, 1983 and appellants Hall, Walsh and Barnabee were arrested on the base during another demonstration on December 12, 1983.
 
 I.
 
 3
 Appellants were charged by information with going upon the Air Force Base "for a purpose prohibited by lawful regulation, that is, unauthorized entry; in violation of Title 18, United States Code, Sec. 1382, and Base Regulation 125-8." In a bill of particulars the government identified paragraph 9(d), specifying visitor entry procedures, as the portion of the Base Regulation [B.R.] 125-8 relied on.
 
 
 4
 18 U.S.C. Sec. 1382 prohibits the "go[ing] upon any military ... reservation ... for any purpose prohibited by law or lawful regulation." Unlike common law trespass, the statute requires that the initial entry be made for a prohibited purpose. United States v. Parrilla Bonilla, 648 F.2d 1373, 1378 (1st Cir.1981). The prohibited purpose may be the unauthorized entry itself. Id. at 1377; United States v. Patz, 584 F.2d 927, 929 (9th Cir.1978). Thus, going upon a military base with knowledge that such entry is unauthorized violates the statute.
 
 
 5
 B.R. 125-8 clearly prohibited entry into the base without prior authorization. Paragraph 2 of B.R. 125-8 states, "[e]ntry into Davis-Monthan AFB is prohibited without the consent of the Installation Commander."[1]
 
 
 6
 Appellants claim B.R. 125-8 was required to be but was not published in the Federal Register, and that it applies only to military and civilian personnel assigned or attached to the base, and that it was not promulgated in accordance with the requirements of the Internal Security Act, 50 U.S.C. Sec. 797. They argue that the government cannot rely on other authority prohibiting unauthorized entry because B.R. 125-8 was cited in the information.
 
 
 7
 It is not necessary that the regulation prohibiting entry be published in the Federal Register so long as appellants had actual and timely notice of its terms. 5 U.S.C. Sec. 552(a)(1) (1982); United States v. Mowat, 582 F.2d 1194, 1201 (9th Cir.1978). When the evidence is considered in the light most favorable to the prosecution, the trial court could find beyond a reasonable doubt that appellants had notice that unauthorized entry was prohibited. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); United States v. Yoshida, 727 F.2d 822, 823 (9th Cir.1983). During both demonstrations, military security officers repeatedly announced over the public address system that entry was prohibited without the consent of the Base Commander. Signs along the perimeter fence of the base carried the same message. A large number of security personnel were present and warned demonstrators to stay out. Finally, the evidence showed beyond a reasonable doubt that the entries were deliberate acts of civil disobedience.
 
 
 8
 Appellants' argument that B.R. 125-8 is applicable only to military and civilian personnel assigned or attached to the base is inconsistent with paragraph 2 of the regulation which expressly covers persons in defendants' position.
 
 
 9
 Appellants' argument that B.R. 125-8 was not lawfully promulgated pursuant to the Internal Security Act, 50 U.S.C. Sec. 797 (1976), appears to raise only trivial deficiencies we may properly disregard, County of Del Norte v. United States, 732 F.2d 1462, 1467 (9th Cir.1984), and in any event the base commander had authority to forbid entry under 32 C.F.R. Sec. 809a.1 (1983).[2] Apart from this specific authorization "[m]ilitary commanders have broad authority to promulgate such regulations." United States v. Patz, supra, 584 F.2d at 929.
 
 II.
 
 10
 A military security officer noticed appellant Barnabee in the company of two other women on a street in a residential area of the base. He approached and asked her several questions. In response, she admitted she did not have a visitor's pass or a sponsor and that she was "affiliated with the demonstration." She argues her statements should have been suppressed because the government did not notify her counsel it intended to use them at trial, as required by Rule 86 of the Local Rules of Practice for the District of Arizona.[3]
 
 
 11
 As we noted in United States v. Long, 455 F.2d 962, 963 (9th Cir.1972), Rule 86 "was plainly intended to cover only those types of statements that are generally subject to court hearings prior to admission at trial." Ms. Barnabee's counsel told the court that if a Rule 86 notice had been given he might have filed a Miranda motion. Since Ms. Barnabee was not in custody, however, Miranda did not apply. Counsel also told the court, "perhaps I would also have filed a voluntariness motion." But since the encounter between the officer and Ms. Barnabee consisted of brief questioning in a public street in the company of her two companions, counsel's suggestion that a voluntariness hearing might have been sought appears frivolous. Counsel neither indicated any possible basis for a voluntariness hearing nor requested a recess to permit such a hearing. There was no suggestion to the trial court that late disclosure of the statements interfered with preparation of an adequate defense, and no request for additional time, United States v. Espericueta-Reyes, 631 F.2d 616, 623 (9th Cir.1980). Clearly it was not an abuse of discretion to refuse to exclude the statements, even assuming Rule 86 had been violated.
 
 
 12
 The separate contentions made on behalf of appellant Hall are frivolous.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The government specified paragraph 9(d) of B.R. 125-8 rather than paragraph 2 in its bill of particulars. Paragraph 9(d) provides:
 (1) Visitors: Visitors are those personnel who do not possess a valid DOD identification card and who do not have any connection with the military that would authorize them to register either permanently or temporarily their vehicle on the installation. Entry controllers must question these personnel to ascertain their destination and reason for entering the installation. Visitors must have a specific destination and valid reason for entry. No one will be allowed entry just to "drive around."
 * * *
 (b) Without Prior Notification: Visitors who arrive at the base and request entry without prior notification will not be issued a visitor pass or allowed entry until the entry controller contacts the person or agency that the visitor wishes to see and verifies the visit. If the agency or person to be visited vouches the visitor, they will be issued a visitor/vehicle pass and allowed to proceed. If the agency or person will not vouch for the visitor or if they cannot be contacted, the visitor will be denied entry.
 This provision implicitly forbids unauthorized entry. Specification of paragraph 9 rather than paragraph 2 in the government's bill of particulars therefore was harmless, and if error, not reversible error. United States v. Roman, 728 F.2d 846, 856 (7th Cir.1984).
 
 
 [2]
 32 C.F.R. Sec. 809a.1(b) provides:
 Each commander is authorized to grant or deny access to his installations, and to exclude or remove persons whose presence is unauthorized. In excluding or removing persons from the installation, he must not act in an arbitrary or capricious manner. His action must be reasonable in relation to his responsibility to protect and to preserve order on the installation and to safeguard persons and property thereon. As far as practicable, he should prescribe by regulation the rules and conditions governing access to his installation.
 (Emphasis added.)
 
 
 [3]
 Rule 86 provides:
 Unless otherwise ordered, the United States Attorney, at least 15 days prior to trial, shall give written notice to the defendant through his attorney of any and all written or oral confessions, admissions, or statements of the defendant which the government intends to use during the course of the trial.