**UNITED STATES of America, Plaintiff/Appellee,**

**v.**

**Nigel D. COTTIER, Defendant/Appellant.**

**No. 84-3025.**

United States Court of Appeals, Ninth Circuit.

Argued Feb. 4, 1985.

Submitted March 14, 1985.

Decided May 3, 1985.

Carl Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff/appellee.

William Boggs, Missoula, Mont., Frank B. Morrison, Sr., Sau Lakes, Ariz., for defendant/appellant.

Before CHOY, ANDERSON, and TANG, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Cottier appeals his conviction for violating 18 U.S.C. § 1382, unlawful entry into a military installation. For the reasons set forth below, we affirm.

## I. BACKGROUND

On October 24, 1983, at approximately 4:00 p.m., U.S. Air Force security officers, under the jurisdiction of Malmstrom Air Force Base, apprehended Cottier and another individual within the fenced area of a missile launch facility of the United States Air Force in Pondera County, Montana. During this period, several other civilians were observed standing outside the enclosed area.

The chain link fence surrounding the facility stands about eight feet high and is topped by three strands of barbed wire. Each side of the fence is approximately one hundred feet in length. A sign about two feet by one foot in size, with bold blue and red lettering, warns that the facility is a restricted area and that entry is lawful only pursuant to authorization by the installation commander. The sign further states that deadly force is authorized to be used to preserve the integrity and sanctity of the facility. Furthermore, the only access is through one padlocked gate.

Cottier was charged with violating 18 U.S.C. § 1382, unlawful entry into a military installation. He pled not guilty and consented to have his case tried without a jury in the United States Magistrate Court. A motion *in limine* was granted concerning Cottier's expert testimony and other evidence relating to his affirmative defenses of justification and necessity based on international law. The evidence can be characterized as describing the effect nuclear weapons may have on society. After Cottier's offer of proof, the magistrate found, as a matter of law, the defenses could not prevail, and excluded Cottier's offered evidence. Cottier was found guilty and timely appealed to the United States District Court. After reviewing Cottier's offered evidence, the district court affirmed. Cottier has appealed to this court.

## II. DISCUSSION

Cottier contends the evidence was insufficient in two respects: First, the government's evidence failed to establish the existence of a promulgated regulation restricting entry, which Cottier alleges is an element of the offense. Second, the evidence was insufficient as to his knowledge that his entry was prohibited. Cottier also contends the trial court erred by excluding evidence relating to his argument that his actions were justified under principles of international law and the common law defense of justification. Finally, Cottier rais-

es issues of standing and justiciability concerning the excluded evidence.

A. *Sufficiency of the Evidence*

(1) *Promulgated Regulation*

18 U.S.C. § 1382 prohibits the going "... upon any military ... installation ... for any purpose prohibited by law or lawful regulation...." Determining the elements of this offense is a question of law reviewable *de novo.* *United States v. Wilson,* 720 F.2d 608, 609 n. 2 (9th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984).

Cottier contends that proof of the existence of a promulgated regulation restricting entry is explicitly required by the language of the statute and that no evidence was introduced addressing the element. He relies on language arising in *United States v. Patz,* 584 F.2d 927, 929 (9th Cir. 1978), where this court noted that the "usual situation in which 18 U.S.C. § 1382 is applicable" involves restricted access pursuant to a properly promulgated regulation. This type of passing, narrative language neither literally nor contextually lays down a solid rule that proof of the existence of a valid regulation restricting entry is an essential element of the offense.

In discussing 18 U.S.C. § 1382, this court has noted that "[u]nlike common law trespass, [§ 1382] requires that the initial entry be made for a prohibited purpose." *United States v. Hall,* 742 F.2d 1153, 1154 (9th Cir.1984). This prohibited purpose, the *Hall* court noted, may be the unauthorized entry itself. *Id.* Thus, "going upon a military base with knowledge that such entry is unauthorized violates 18 U.S.C. § 1382." *Id.* at 1155. The *Hall* language clearly indicates that the "purpose prohibited by law" requirement of the statute is satisfied if the defendant *knows* that his entry is unauthorized. Here, the commander has restricted entry under lawful authority. 32 C.F.R. § 809a.1(b). Under *Hall,* this is sufficient to meet the "prohibited by law" requirement if Cottier *knew* his entry was unauthorized.

(2) *Knowledge*

Cottier also contends the evidence was insufficient to support the trial court's finding that he *knew* his entry was unauthorized. We must determine, after viewing the evidence in a light most favorable to the government, whether the trial court could conclude beyond a reasonable doubt that such knowledge existed. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *reh. denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *accord United States v. Multi-Management, Inc.,* 743 F.2d 1359, 1362 (9th Cir. 1984).

Where entry alone is the basis of the violation, knowledge that the entry is unauthorized is an essential element of a section 1382 offense. *United States v. Patz,* 584 F.2d at 929; *United States v. Hall,* 742 F.2d at 1155. The importance of this knowledge arises in that only innocent trespassers are excluded from purview of 18 U.S.C. § 1382.

Here, the evidence demonstrates that Cottier was not an innocent trespasser. The facility is relatively small and enclosed by a chainlink-barbed wire fence. Additionally, the security officer's testimony indicates that more than one sign restricting entry was posted. Finally, the civilians observed outside the enclosed area, the other individual arrested along with Cottier, and the character of Cottier's defenses strongly suggest Cottier knew he was inside a missile launch facility operated by the government. Under these circumstances, the magistrate could conclude beyond a reasonable doubt that Cottier knew his entry was unauthorized.

(B) *Exclusion of Evidence*

Cottier additionally argues his actions were justified and necessary because the missile program was both an imminent threat to society and a violation of international law, which he believed imposed a legal duty upon him to resist such violations. Having heard Cottier's offer of

proof, the magistrate held, as a matter of law, the defenses asserted could not prevail and therefore disallowed the introduction of the evidence offered on that issue. We review the court's decision to exclude evidence for an abuse of discretion. *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir.), *cert. denied*, 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977).

We have consistently held that arguments of justification and necessity are insufficient to establish a defense to a violation of 18 U.S.C. § 1382. *United States v. May*, 622 F.2d 1000, 1008 (9th Cir.), *cert. denied*, 449 U.S. 984, 101 S.Ct. 402, 66 L.Ed.2d 247 (1980); *United States v. Lowe*, 654 F.2d 562 (9th Cir.1981). Furthermore, it is not necessary for the judge to hear arguments on evidence already held legally insufficient by this court. *United States v. Lowe*, 654 F.2d at 567. Therefore, we hold the magistrate did not abuse his discretion by excluding the evidence.

Finally, Cottier raises constitutional issues of standing and justiciability concerning the excluded evidence. We hold, however, the magistrate did not commit constitutional error in excluding the evidence. The doctrine of standing and justiciability set forth in *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974), properly applies in the court's refusal to admit the evidence. This ruling is consistent with our reasoning on the same issues raised in *May* and *Lowe*. 654 F.2d at 566; 622 F.2d at 1009.

CONCLUSION

For the foregoing reasons, we

AFFIRM.