855 F.2d 863
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luke STANTON, Defendant-Appellant.
 No. 87-3063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1988.
Decided Aug. 8, 1988.
 Before KOZINSKI, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luke Stanton appeals his conviction following a jury trial of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). He challenges the admission into evidence of tape recordings of conversations between an undercover agent and Stanton's codefendants, the use by the jury of transcripts of the recordings, and the admission into evidence of his postarrest statement and statements by his codefendants. We affirm.
 
 FACTS
 
 3
 On January 13, 1987, Michael Barnes, Thomas Clemons, Thomas Jones, Rodney McCombs, and the appellant Luke Stanton were indicted for conspiracy to distribute cocaine. The indictment charged that, as overt acts made in furtherance of the conspiracy, Stanton's codefendants met with a Drug Enforcement Administration undercover agent for the purpose of negotiating the purchase of cocaine by the agent. The indictment charged that on January 9, 1987, while the agent discussed the purchase of narcotics with Stanton's codefendants in a hotel, Stanton stood watch for the area around the hotel parking lot. Stanton then accompanied the agent to his car to retrieve money to purchase the cocaine. Stanton was also indicted on a separate count of using and carrying a firearm during and in relation to a drug trafficking crime.
 
 
 4
 Tape Recordings.
 
 
 5
 The undercover agent tape-recorded his conversations with the defendants on January 9 by wearing a recording device. Copies of the taped conversations were provided to the counsel for each defendant more than two months before trial. The agent also prepared written transcripts of the taped conversations. The government provided copies of the transcripts to the defense counsel on March 16, 1987.
 
 
 6
 Defendant Thomas Jones moved to suppress the tape recordings, contending that there were prolonged gaps and prolonged static on the tapes that rendered them untrustworthy. The district court magistrate held an evidentiary hearing on the motion on March 17, 1987. Although defendant Stanton did not expressly join in this motion, the magistrate noted that all the defendants would be affected equally by his ruling. The magistrate recommended that the motion to suppress the tapes be denied. The magistrate also recommended that the government's transcript not identify the speakers by name but rather by number, and that the undercover agent be permitted to testify at trial as to the identity of the various speakers. The district court adopted these recommendations. The district court also allowed the defendants to prepare and present to the jury their own transcribed version of the tape recordings. One defendant, Rodney McCombs, did so.
 
 
 7
 Statements of Defendants.
 
 
 8
 Prior to trial, the government also provided to Stanton's counsel a written report of Stanton's postarrest oral statement. On March 9, 1987, Stanton moved to suppress the statement, arguing that the statement was not made voluntarily. The district court adopted the magistrate's recommendation to deny the motion on March 19, 1987.
 
 
 9
 The government provided notice seven days before the trial began of its intent to use statements made by the codefendants at trial. Under a local district court rule, the government must provide notice at least ten days before trial of its intent to use at trial any written or oral confession or admission by the defendant. Dist.Ct.Local Cr.R. 2(A). Defendant Stanton moved to preclude the admission of out-of-court statements of the codefendants. The magistrate recommended that the motion be granted because the government failed to comply with the ten-day notice requirement, and because the government failed to specify which statements it would offer. When the district court heard argument on the motion, Stanton's counsel stated that his position had changed because defendant Jones had changed his plea in the interim. Stanton's counsel acknowledged that he had adequate notice of the government's intended use of his own client's statement under Local Criminal Rule 2, but claimed that he had less than ten days notice of the government's intended use of statements made by the other codefendants, specifically the statement of defendant Jones. Because Jones had changed his plea and would therefore be available as a witness at the trial, Stanton's counsel stated that the issue was probably moot.
 
 
 10
 The district court rejected the magistrate's recommendation to grant the motion to suppress because the issue appeared to be moot. The district court also noted that it would have rejected the magistrate's recommendation in any event because suppression was not the appropriate remedy. The court further noted that Local Criminal Rule 2 required the production to a defendant of his own statements but not the statements of other defendants.
 
 
 11
 The jury found Stanton guilty on both the conspiracy and the firearm counts. Stanton now appeals to this court.
 
 ANALYSIS
 
 12
 * Admission of Tape Recordings
 
 
 13
 Stanton contends that the district court erred by denying his motion to suppress the tape recordings and admitting them into evidence. Stanton argues that the government violated due process by not providing a copy of the tape recordings until shortly before the trial, and that the recordings were of inadequate quality. This contention lacks merit. The record shows that the government provided copies of the tape recordings to defense counsel more than two months before trial. Stanton's assertion that the government did not provide a copy of the tape recordings until six or ten days before trial is not supported by the record. Stanton had ample time to review the tape recordings independently and use them to prepare his defense.
 
 
 14
 Stanton also argues that the tape recordings should not have been admitted because they were of poor quality. The admissibility of a recorded conversation is addressed to the sound discretion of the trial judge. United States v. Lane, 514 F.2d 22, 27 (9th Cir.1975). The magistrate listened to the recordings and concluded that the overall quality was not so poor as to render them inadmissible. Although portions of the recordings may have been unintelligible, this factor alone does not render the recordings inadmissible. See United States v. Gee, 695 F.2d 1165, 1166 n. 1 (9th Cir.1983) (no due process violation in admitting recordings of conversations; "[w]hatever difficulty [defendant] had in understanding the tapes was a difficulty shared by the government"). The district court did not err by admitting the recordings into evidence.
 
 II
 Use of Transcripts
 
 15
 Stanton also contends that the district court erred by allowing the jury to use transcripts of the tape recordings during the trial. Stanton argues that the use of the transcripts violated due process because a copy was not provided to defense counsel until six days before trial.
 
 
 16
 The use of transcripts by the jury as an aid in listening to tape recordings is a matter committed to the sound discretion of the trial court. United States v. Turner, 528 F.2d 143, 167-68 (9th Cir.), cert. denied, 423 U.S. 996 (1975), 429 U.S. 837 (1976). Transcripts are appropriately used as an aid in listening to the tape recording itself, which constitutes actual evidence of the conversations. United States v. Tornabene, 687 F.2d 312, 317 (9th Cir.1982). Because the defense counsel had already received a copy of the tape recording, there was nothing to prevent Stanton from producing a transcript for his own use or to provide to the jury. See Gee, 695 F.2d at 1167 (government's failure to provide copy of its transcript where it had provided a copy of the tape recording was not error). One of Stanton's codefendants did prepare his own transcript and provided copies to the jury. Because Stanton had received copies of the tape recordings and had the opportunity to prepare his own transcript, the district court did not err in allowing the jury to use the government's transcripts of the tape recordings.
 
 II
 
 17
 Admission of Stanton's Postarrest Statement
 
 
 18
 Stanton next contends that the district court erred by admitting into evidence his postarrest statement to the undercover agent. He argues that the government again failed to give the required ten-day notice of its intent to use the statement under Local Criminal Rule 2(A). Stanton's counsel, however, acknowledged in the record that he had adequate notice of the government's intended use of his own client's statement under Local Criminal Rule 2(A). Stanton's contention on appeal that he did not receive such notice is unsupported by the record and lacks merit.
 
 IV
 Admission of Codefendants' Statements
 
 19
 Stanton finally contends that the district court erred by admitting into evidence statements made by his codefendants. He argues that the government failed to give adequate notice under Local Criminal Rule 2(A) of its intent to use the statements at trial.
 
 
 20
 Local Criminal Rule 2 does not require the government to give notice of its intent to use at trial the statements made by a codefendant.[1] The district court eliminated any possible confrontation clause problems in the use of the codefendants' statements by prohibiting the use of incriminating statements made by codefendants who were not available for cross-examination.[2] See e.g., United States v. Brock, 667 F.2d 1311, 1317 (9th Cir.1982) (confrontation clause bars the introduction of codefendant statements only when the declarant will not testify at trial), cert. denied, 460 U.S. 1022 (1983). Further, even assuming Rule 2(A) had been violated, it was not an abuse of discretion to refuse to suppress the codefendants' statements. See United States v. Hall, 742 F.2d 1153, 1156 (9th Cir.1984) (no violation found of nearly identical Arizona local rule; even if rule had been violated, no abuse of discretion in refusing to suppress). The district court did not err by admitting the codefendants' statement.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Local Criminal Rule 2(A) provides:
 The United States Attorney shall give written notice to the defendant through his attorney of all written or oral confessions or admissions by the defendant which the Government intends to use during the course of trial. This notice shall be given at least ten (10) days prior to trial.
 
 
 [2]
 Three of Stanton's four codefendants entered guilty pleas before trial, thus making them available as witnesses at the trial