995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard BECHTEL, Defendant-Appellant.
 No. 92-30078.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Bechtel was convicted of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced Bechtel to fifteen years in prison. Bechtel argues that the district court erred by not allowing him to present a defense of self-defense. We affirm.
 
 
 3
 * At the time of the offense, Bechtel lived in the Northern Idaho town of Sandpoint. There is no dispute about Bechtel's actual possession of several firearms nor his four previous felony convictions. At trial, Bechtel attempted to offer evidence that a neighbor threatened to kill him. Bechtel claims that he took a shotgun from his employer's house and put it in the car for protection. The district court ruled that defendant's offer of proof as to self-defense was not relevant and refused to admit evidence along that line. The defense presented no other evidence. We review the district court's decision to exclude evidence for abuse of discretion. United States v. Cottier, 759 F.2d 760, 763 (9th Cir.1985).
 
 
 4
 "Where the evidence, even if believed, does not establish all of the elements of a defense ... the trial judge need not submit the defense to the jury." United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985). Bechtel's evidence was inadequate as a matter of law to make out the elements of a self-defense justification. See United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984). In order to assert a "justification" defense to a felon in possession charge, the defendant must demonstrate that:
 
 
 5
 (1) he was under unlawful present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.
 
 
 6
 United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987).
 
 
 7
 Bechtel fails to satisfy at least three of the Lemon factors. Bechtel did not demonstrate that he was under "present" threat of death or serious bodily injury because his neighbor was elsewhere when Bechtel took possession of the firearms. Bechtel failed to demonstrate that he had no reasonable legal alternative to acquiring the firearms. Bechtel also failed in his offer of proof to make a direct causal relationship between the criminal action and the avoidance of harm. Evidence offered by the government tended to prove that Bechtel became drunk, argued with his employer's daughter, took three loaded guns from his employer's house, and shot one of them. We affirm the district court's decision to exclude the evidence relating to the self-defense defense.
 
 II
 
 8
 Bechtel's other claims are without merit. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Bechtel's letter request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3