21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roman Sanford TERRY, Defendant-Appellant.
 No. 93-50533.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 8, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roman Sanford Terry appeals his jury conviction and sentence under the Sentencing Guidelines for bank robbery in violation of 18 U.S.C. Sec. 2113(a)(d). Terry argues that the district court erred in precluding him from presenting a defense based on insanity or involuntary intoxication due to his use of the prescription drug "Prozac". Terry further contends that the district court mistakenly believed that it had no authority to grant a downward departure based on aberrant behavior and that the court's mistaken belief should be grounds for resentencing.
 
 
 3
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm both the conviction and sentence.
 
 I.
 Preclusion of Prozac Defense
 
 4
 Terry asserts that his taking of Prozac resulted in insanity or involuntary intoxication, thereby causing him to commit bank robbery. On this basis, Terry argues that the district court erred in precluding evidence on a defense based on mental condition. We review a district court's decision to preclude evidence on an improper defense for abuse of discretion. United States v. Cottier, 759 F.2d 760, 762-63 (9th Cir.1985).
 
 
 5
 Under the Insanity Defense Reform Act of 1984 ("the Act"), "Voluntary intoxication may not be considered in determining an insanity defense." United States v. Knott, 894 F.2d 1119, 1122 (9th Cir.), cert. denied, 498 U.S. 873 (1990). Voluntary intoxication combined with a mental disease will also fail to support a defense based on mental condition. Id. at 1123. Here, Terry's argument is without merit because he has not demonstrated that his intoxication was involuntary.
 
 
 6
 Prozac was prescribed to Terry in April, 1992 to combat a pre-existing depressive condition. As a result of this Prozac use, Terry alleged that he suffered the following side effects: suicide attempts, weight loss, loss of energy, anxiety, mania, and hypomania. Despite these alleged side effects, Terry continued to use the prescription drug until December, 1992.[1] There is no evidence that his use of Prozac was anything other than voluntary. To the contrary, a court ordered psychiatric examination concluded that: 1) Terry's continued use of Prozac was voluntary; and 2) no evidence exists that Prozac caused Terry side effects that could have contributed to the robbery offense. Because Terry's intoxication was not involuntary, we affirm the district court's decision to preclude evidence on a defense based on mental condition.[2] See Knott, 894 F.2d at 1123.
 
 II.
 Downward Departure
 
 7
 Terry argues that the district court mistakenly believed that it had no authority to grant a downward departure based on aberrant behavior and that the court's mistaken belief should be grounds for resentencing. A district court's decision not to depart is normally not reviewable. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). However, we will review de novo a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed. Id.
 
 
 8
 At the sentencing hearing, the district court made comments such as "There is no reason to grant a downward departure" and "I don't think there's anything that calls for any kind of ... downward departure in this case". These comments indicate, although not explicitly, that the district court's refusal to grant a downward departure was based on an exercise of discretion rather than on a belief that it lacked authority.[3] See United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (recognizing the assumption that the district court knows it has authority to depart and holding that the district court need not affirmatively state that it has authority to depart when it sentences within the guideline range instead of departing).
 
 
 9
 Furthermore, the district court sentenced Terry to above the Guideline minimum, which evinces a discretionary refusal to depart. See United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.), cert. denied, 499 U.S. 978 (1990). Because the decision not to depart does not appear to rest on the district court's belief that departure was prevented as a matter of law, we decline to review the decision. Therefore, we do not decide whether a departure based on aberrant behavior would have been warranted. See Belden, 957 F.2d at 676.
 
 
 10
 AFFIRMED.
 
 
 11
 FERNANDEZ, J., concurs in the result.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also note that on November 30, 1992, the night before the bank robbery, Terry binged on alcohol, heroin and crack cocaine. See United States v. F.D.L., 836 F.2d 1113, 1117 (8th Cir.1988) (noting that any intoxication resulting from defendants' voluntary consumption of beer and marijuana would not be a defense to involuntary manslaughter)
 
 
 [2]
 Even assuming Terry's intoxication was involuntary, his argument seems to lacks merit as there is no evidence that his intoxication affected his ability to appreciate the nature, quality or wrongfulness of his acts. See United States v. Whitehead, 896 F.2d 432, 435 (9th Cir.), cert. denied, 498 U.S. 938 (1990)
 
 
 [3]
 In opposing Terry's request for a downward departure, the government did not argue that the district court lacked the legal authority to depart downward for aberrant behavior. Rather, the government contended that the district court should exercise its discretion to refuse to depart downward given the specific facts of this case