**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4733

CALVIN L. ORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-98-106)

Submitted: February 9, 1999

Decided: February 24, 1999

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul A. Driscoll, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Casey A. Kniser, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin L. Ore appeals his conviction for trespassing on government property in violation of 18 U.S.C. § 1382 (1994). He received a sentence of five months incarceration and two years of supervised release. For the following reasons, we affirm.

Ore consented to proceed to trial before a United States Magistrate Judge and pleaded not guilty. The magistrate judge found Ore guilty and Ore appealed to the United States District Court, which affirmed the conviction and sentence.

The Government's evidence established that on April 3, 1998, Detective Jeffrey L. Peacock of the Norfolk Naval Base Police Department was running a special operation targeting "flimflam" on the naval base occurring on or near military people. He observed Ore at a credit union on the naval base approaching people in their cars. After approximately fifteen minutes, Ore left the area, ran in front of Peacock's vehicle, and went into a laundromat where he took off his shirt and hat, and remained hidden for ninety minutes. He finally left the area by obtaining a ride with a military member. Peacock did not immediately issue Ore a citation for trespassing on naval property because he was conducting a special operation on "ripoffs" and Ore fit the general description of the special operation. On April 15, 1998, Ore was served with a warrant for both trespassing on government property and obtaining money under false pretenses.

Detective Michael Stearn of the Norfolk Naval Base Police Department testified at trial that in September 1993, he charged Ore with trespassing on naval property. Because of the charge, a "Letter of Exclusion," dated September 26, 1993, had been prepared, which Ore refused to sign in Stearn's presence. On December 15, 1993, Ore entered into an agreement with the Government. Pursuant to that agreement, Ore acknowledged that certain areas on the naval base were government property. He agreed not to return to the United States naval base property "so long as the letter of exclusion is in force and standing." He further acknowledged that if he were to return to the United States naval base property he would be charged with

2

trespassing pursuant to the "Letter of Exclusion." Stearn testified that he witnessed Ore sign the agreement, which appears on the back of the September 26 "Letter of Exclusion Information Sheet." The Government submitted into evidence the September 26"Letter of Exclusion Information Sheet" and the agreement on the back.

Stearn further testified as to the issuance of another "Letter of Exclusion" addressed to Ore, dated September 24, 1991, the circumstances of which Stearn was not familiar with because it had been issued before Stearn came into the detective bureau. Stearn testified that at least one "Letter of Exclusion" remained in effect up to the date of trial and had not been rescinded.

On appeal to this court, Ore claims that the Government presented insufficient evidence to support a conviction under§ 1382. When assessing the sufficiency of the evidence supporting a criminal conviction on direct review, "the verdict of [the] jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Section 1382 renders a person's presence on naval property unlawful under two circumstances: (1) when someone comes upon naval property for any purpose prohibited by law or lawful regulation; or (2) when someone is found on naval property after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof.

Ore contends that the Government failed to prove either his exclusion from the Norfolk Naval Base by its commander or that he entered upon the base for an unlawful purpose. We disagree.

In April 1998, Ore entered the naval base knowing that his entry was prohibited by his agreement with the Government and that he could be prosecuted for trespassing pursuant to the"Letter of Exclusion." Furthermore, at least one "Letter of Exclusion" remained in effect when Ore came onto naval base property on April 3, 1998. See United States v. Hall, 742 F.2d 1153, 1154-55 (9th Cir. 1984) (going onto military base with knowledge that such entry is unauthorized amounts to violation of § 1382). Thus, Ore's knowledge that he could be prosecuted for trespassing, combined with his intentional entry, is sufficient to show that he entered the Norfolk naval base for a purpose

3

contrary to law. <u>See id.</u> Furthermore, Detective Peacock testified that Ore fit the description of a "flimflam" or "ripoff" artist because he was approaching people near the credit union. Peacock further testified that Ore ran through traffic after being observed by Peacock and into a laundromat where Ore changed his appearance. Ore subsequently obtained a ride from a military person. Ore's conduct while on the naval base and the manner in which he left the base suggests that his intentions were unlawful in violation of § 1382.

Lastly, Stearn's testimony and Ore's agreement with the Government show that at least one "Letter of Exclusion" was in effect at the time he entered the naval base in April 1998. Thus, Ore entered the naval base in April 1998 after having been previously ordered not to reenter by an officer or person in command or charge in violation of § 1382.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4