**UNITED STATES of America,
Plaintiff,**

v.

**Hector CANDELAS, Hector Pesquera, William Ruiz–Garcia, Felix Ramirez, Jose E. Quintero, Defendants.**

**Nos. CRIM. 00–374(PG), 00–365(PG), 00–368(PG), 00–371(PG), 00–372(PG).**

United States District Court,
D. Puerto Rico.

Sept. 5, 2000.

---

Ivonne Diaz–De–Carreras, Hato Rey, PR, Wilma E. Reveron–Collazo, San Juan, PR, Juan R. Acevedo–Cruz, Hato Rey, PR, for Hector Luis Pesquera, defendants.

Jorge E. Vega–Pacheco, U.S. Attorney's Office District of P.R., Criminal Division, for U.S.

## ORDER

PEREZ–GIMENEZ, District Judge.

Defendants have filed a notice of intention to present at trial the necessity defense. According to defendants, they reasonably believed that their conduct in entering Camp Garcia Naval Base was necessary to avoid harms considerably more serious than their trespass, i.e., to stop what they perceived to be deadly military bombardment and ecological erosion. Defendants' argument has consistently been rejected by previous courts.

"The defense of necessity is available when a person is faced with a choice of two evils and must then decide whether to commit a crime or an alternative act that constitutes a greater evil." *United States v. Contento–Pachon,* 723 F.2d 691, 695 (9th Cir.1984); *United States v. Dorrell,* 758 F.2d 427, 430 (9th Cir.1985). Specifically, to prove a necessity defense, defendants must establish four elements: (1) that he or she was faced with a choice of evils and chose the lesser evil; (2) that he or she acted to prevent imminent harm; (3) that he or she reasonably anticipated a causal relation between the conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law. *See United States v. Dorrell,* 758 F.2d at 430–31. *See also United States v. Brodhead,* 714 F.Supp. 593, 596–97 (D.Mass.1989). Here, Defendants failed to establish no less than three of the elements.

"Federal courts that have addressed the question have 'consistently held that arguments of justification and necessity are insufficient to establish a defense to a violation of 18 U.S.C. § 1382.'" *Brodhead,* 714 F.Supp. at 597 (*quoting United States v. Cottier,* 759 F.2d 760, 763 (9th Cir.1985)). This case is no different that the ones that came before it. "The necessity defense was never intended to excuse criminal activity by those who disagree with the decisions and policies of the lawmaking branches of government: in

such cases the 'greater harm' sought to be prevented would be the course of action chosen by elected representatives, and a court in allowing the defense would be making a negative political or policy judgment about that course of action." *United States v. Kabat*, 797 F.2d 580, 591 (8th Cir.1986), *cert. denied*, 481 U.S. 1030, 107 S.Ct. 1958, 95 L.Ed.2d 530 (1987).

Defendants failed to establish that their actions would or did prevent imminent harm. While defendants vehemently pursue their claims of environmental and accompanying destruction, there is evidence on both sides of the fence. What may be proven in the future cannot sustain their claim in the present.

The third necessity element also has not been established. Defendant must demonstrate that " 'the harm to be avoided is so imminent that, absent the defendant's criminal acts, the harm is certain to occur.' " *Brodhead*, 714 F.Supp. at 597 (quoting *Kabat*, 797 F.2d at 591). As the Eighth Circuit Court of Appeals has held, no case " 'suggests that the defense of necessity would be permitted where the actor's purpose is to effect a change in governmental policies which, according to the actor, may in turn result in future savings of lives.' " *Kabat*, 797 F.2d at 591 (quoting *United States v. Kroncke*, 459 F.2d 697, 701 (8th Cir.1972)).

Moreover, it is " 'impossible' to argue that there are not reasonable alternatives to violating the law." *Brodhead*, 714 F.Supp. at 597 (*quoting* from *United States v. Quilty*, 741 F.2d 1031, 1033 (7th Cir.1984)). Rather, there are "thousands of opportunities for the propagation of the . . . message: in the . . . electoral process; by speech on public streets, in parks, in auditoriums, in churches and lecture halls; and by the release of information to the media, to name only a few." *Id.* "These alternatives may not prove sufficiently persuasive to lead to implementation of the defendant's views. *But success is not the measure.*" *Id.* (Emphasis added).

Defendants rely greatly on an Eighth Circuit Court of Appeals decision in making their necessity defense. *Kabat*, 797 F.2d at 580. *Kabat* involved several individuals who entered and damaged property on a military missile site. The defendants were sentenced to terms ranging from five to nine years for trespassing and sabotage. The district court noted the "arrogance in the defendants' certainty in the rightness and righteousness of their own views." *Id.* at 583. The defendants in *Kabat* sought nuclear disarmament, a laudable goal. However, the court noted that although "the defendants here intended disarmament only as a means and not as an end, their ultimate desire of saving innocent lives does not replace or negate the intent which the statute requires-that of interfering with U.S. defense functions, facilities, and policies." *Id.* at 588. In this case, defendants' desire to save innocent lives does not replace or negate the act which § 1382 prohibits-trespassing. Finally, the court in *Kabat* held that a defense need not be submitted to a jury where, as here, it cannot be said that a reasonable person "might conclude" that the evidence supports the claim. *Id.* at 590.

Defendants have failed to establish at least three of the required elements of a defense of necessity and therefore the defense must be denied. As then Judge, now Justice Stevens wrote in *United States v. Cullen*, 454 F.2d 386, 392 (7th Cir.1971):

> One who elects to serve mankind by taking the law into his own hands thereby demonstrates his conviction that his own ability to determine policy is superior to democratic decision making. Appellant's professed unselfish motivation, rather than a justification, actually identifies a form of arrogance which organized society cannot tolerate.

Defendants' motion to permit a defense of necessity is **DENIED.**

**IT IS SO ORDERED.**