**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David Phillip CANNON, Defendant—
Appellant.**

No. 08–50034.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2009.

Filed Sept. 11, 2009.

E. Martin Estrada, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

**302**

Vay I. Williams, James H. Locklin, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON and THOMPSON, Circuit Judges, and FOGEL *, District Judge.

### MEMORANDUM **

David Cannon ("Cannon") appeals his misdemeanor conviction under the Lacey Act, 16 U.S.C. § 3372(a)(1), for transportation of wildlife taken in violation of a regulation of the United States. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and reverse.

Cannon killed a coyote on Edwards Air Force Base in violation of Air Force Flight Test Center Instruction 32–8, then dragged the coyote carcass off-base.[1] Instruction 32–8 is not published in the Code of Federal Regulations or the Federal Register.

■ Cannon argues for the first time on appeal that the unpublished hunting regulations set out in Instruction 32–8 are not regulations for the purposes of the Lacey Act because they were not published. We review for plain error. *United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir.2006). Cannon's argument is not persuasive.

There is no case or statute to indicate that publication is a defining and necessary characteristic of a federal regulation.

Cannon next argues that, despite clear text prohibiting transport "by any means," the Lacey Act excludes non-commercial activity. We review questions of statutory interpretation de novo. *United States v. Adams*, 343 F.3d 1024, 1027 (9th Cir.2003). We see no need, however, to look beyond the plain language of the statute, which is consistent with Congress's intention to conserve wildlife.

Cannon also argues for the first time on appeal that the evidence is insufficient to convict him because he did not have actual notice of the base hunting regulations. We review for plain error. *Hartz*, 458 F.3d at 1019. We will reverse Cannon's conviction if plain error affected his substantial rights and the error would "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The Administrative Procedure Act provides that "[e]xcept to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published." 5 U.S.C. § 552(a)(1); *see also United States v. Mowat*, 582 F.2d 1194, 1201 (9th Cir.1978) (upholding trespassing conviction where defendant had actual notice of an unpublished Navy instruction); *United States v. Hall*, 742 F.2d 1153, 1155 (upholding trespassing convic-

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Section 2.1 states that fishing and hunting permits are required to fish or hunt on the base. Cannon did not possess such a permit. Section 5.3.7 of Instruction 32–8 prohibits the hunting of predators, including coyotes.

tion where defendant had actual notice of unpublished Air Force base regulation). Agencies must publish "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency" in the Federal Register. 5 U.S.C. § 552(a)(1)(D); *see also* 44 U.S.C. § 1505(a) (requiring documents having general applicability and legal effect to be published in the Federal Register). Here, Instruction 32–8 has general applicability and legal effect. The base hunting regulations should have been published in the Federal Register.

██ Cannon cannot be convicted under the Lacey Act unless he violated a federal regulation. Because the base hunting regulations were not published, however, the actual notice provision of 5 U.S.C. § 552(a)(1)(D) applies. The evidence in the record is insufficient to show that Cannon had actual notice of the base hunting regulations. Cannon therefore may not "be adversely affected" by those regulations.[2] *Id.* Because Cannon's conviction under the Lacey Act depends upon adverse application of the base hunting regulations, of which Cannon had no actual notice, the Lacey Act does not apply and the conviction must be set aside.

Accordingly, we REVERSE Cannon's conviction and direct the district court to enter a judgment of acquittal.

---

[2]. Whether Cannon *should* have known about the hunting regulations is relevant to the knowledge element of the crime, but is not pertinent to the question whether Cannon had *actual* notice of the regulations, and thus whether the regulations could be adversely applied against him in the first instance.

