FILED

JUL 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

  v.

PAUL REID,

              Defendant - Appellant.

No. 09-30394

D.C. No. 3:09-cr-05141-BHS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 14, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, District Judge.[**]

       Defendant Paul Reid was arrested for being in a training area of a military

installation without permission in violation of 18 U.S.C. § 1382. In a search

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable William Hart, United States District Judge for the
Northern District of Illinois, sitting by designation.

incident to the arrest, defendant was found in possession of marijuana, methamphetamine, and drug paraphernalia. Defendant moved to suppress the evidence as the fruits of an unconstitutional search on the ground that probable cause did not exist to arrest him. The motion to suppress was denied and defendant thereafter conditionally pleaded guilty to one count each of possessing marijuana and methamphetamine. He was sentenced to 18 months' probation. We affirm the district court's denial of Reid's motion to suppress.

On appeal, the only issue is whether there was probable cause to arrest defendant for violating § 1382. The existence of probable cause for an arrest or search is reviewed *de novo*. *United States v. Struckman*, 603 F.3d 731, 738-39 (9th Cir. 2010); *United States v. Franklin*, 603 F.3d 652, 655 (9th Cir. 2010); *United States v. Dorsey*, 418 F.3d 1038, 1042 (9th Cir. 2005). Underlying factual findings are reviewed for clear error. *Franklin*, 603 F.3d at 655; *Dorsey*, 418 F.3d at 1042.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). The totality of the circumstances known to the arresting officer are examined in order to determine whether a

2

prudent person would conclude a fair probability existed that a crime had been committed. *John*, 515 F.3d at 940 (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). "Although conclusive evidence of guilt is not necessary to establish probable cause, 'mere suspicion, common rumor, or even strong reason to suspect are not enough.'" *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 953 (9th Cir. 2010) (quoting *Lopez*, 482 F.3d at 1072 (quoting *McKenzie v. Lamb*, 738 F.3d 1005, 1008 (9th Cir. 1984))). Generally, there need not be probable cause for every element of the offense. *Edgerly*, 599 F.3d at 953. When specific intent is an element of the offense, the arresting officer must have probable cause for that element. *Id.* A § 1382 offense, however, is not a specific intent crime. *United States v. Mowat*, 582 F.2d 1194, 1203-04 (9th Cir. 1978); *United States v. Vasarajs*, 908 F.2d 443, 447 n.7 (9th Cir. 1990).

Section 1382 provides in part: "Whoever, within the jurisdiction of the United States, goes upon any military . . . reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation . . . [s]hall be fined under this title or imprisoned not more than six months, or both." It is well-settled that the prohibited purpose may be the illegal entry itself. *United States v. Hall*, 742 F.2d 1153, 1154-55 (9th Cir. 1984); *United States v. Cottier*, 759 F.2d 760, 762 (9th Cir. 1985). When the basis of the violation is the entry

3

itself, an essential element is actual knowledge or sufficient notice that the area is restricted military property. *See Cottier*, 759 F.2d at 762; *Hall*, 742 F.2d at 1155.[1]

At the time of defendant's arrest, the arresting officer was aware of the following facts. The officer came upon defendant in a wooded, training area of Fort Lewis. Defendant was in his car traveling in reverse on a dirt road that connected two public highways. Defendant was a short distance from a sign showing he was in an unauthorized area. If he had entered this dirt road from the side with the sign, then he certainly would have been on notice; but if he had entered from the other side, he would not have come upon the sign until he reached the opposite side. The car did not have any decal, pass, or other marking identifying it as authorized to be on the grounds of Fort Lewis. When asked if he had any military or authorized purpose to be at Fort Lewis, defendant responded: "I don't have any military affiliation or Fort Lewis training area access pass." On these facts, a reasonable and prudent person could conclude there was a fair probability that defendant was in a prohibited military area with sufficient notice or

---

[1]At oral argument, the government noted that a § 1382 violation could be based on a prohibited purpose other than the entry itself which would not require knowledge, but the government has not identified any other prohibited purpose. On the arguments presented, the only basis for probable cause that is before the court is an illegal entry in violation of § 1382.

knowledge that it was a prohibited area.  Therefore, probable cause existed for the arrest and there is no basis for overturning defendant's conviction.

AFFIRMED.