**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2013



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10301 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00024-MCE-1 |
| v. | |
| MARIE CROSS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Submitted March 14, 2013[**]
San Francisco, California

Before: WALLACE, McKEOWN, and IKUTA, Circuit Judges.

Cross appeals from her misdemeanor judgment of conviction and sentence for

entering a military installation for a purpose prohibited by law. 18 U.S.C. § 1382. We

review her conviction by asking whether, construing the evidence in the light most

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

favorable to the Government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We hold that the evidence is sufficient that a rational trier of fact could have concluded beyond a reasonable doubt that Cross did not have permission to enter the base and knew that her entry was unauthorized. *See United States v. Cottier*, 759 F.2d 760, 762 (9th Cir. 1985).

First, the evidence is sufficient to conclude that Cross lacked authorization to enter the base. While on the base, Cross was unable to produce any identification when asked by officers. Officer Trojanowski's testimony about military dependent identification cards undercuts Cross's argument that she entered the base using a valid identification card.

Second, the evidence was sufficient that a rational trier of fact could conclude beyond a reasonable doubt that Cross knew she was unauthorized to enter the base. The record demonstrates that the base was surrounded by a chain-link fence and all entry gates had posted signs warning that permission to enter was required. Cross's statements to officers indicated that she was aware she needed identification to enter the base. *See id.*

Finally, Cross contends that she had reason to believe her entry was authorized because all individuals entering the base must present identification and pass through security gates. However, the magistrate judge found that Cross's statements to the officers indicating awareness of the identification requirement "cannot be reconciled with the argument that [Cross] believed that merely being passed through the gate was adequate authorization to be on the base." While an alternative interpretation of this apparent conflict is possible, we will not "usurp the role of the finder of fact," *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010).

Cross does not raise her sentence as an issue in her opening brief and it is waived.

**AFFIRMED.**