## LINK v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 8, 1924.)

No. 4104.

**1. Perjury ⟲27—Subornation of perjury indictment, omitting word "willfully" in characterizing perjury, held sufficient.**

Indictment for subornation of perjury, which alleged commission of perjury by one person and subornation by another, but omitted the word "willfully" in characterizing original perjury, *held* sufficient in view of other recitals of indictment and in view of Rev. St. § 1025 (Comp. St. § 1691), and Judicial Code, § 269 (Comp. St. § 1246).

**2. Criminal law ⟲304(17)—Perjury ⟲33(5)—Affidavit held sufficient proof of oath, in absence of objection.**

In prosecution for subornation of perjury where copy of affidavit was exhibited and signature was admitted by perjurer and counsel without objection stated that affidavit was "sworn to before J. S. H., U. S. Commissioner," *held*, further proof that false oath was in fact taken or of official character of person who administered oath was unnecessary; the commissioner being an officer of the court whose official position was judicially known to it.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Nick Link was convicted of subornation of perjury under Criminal Code, § 126 (Comp. St. § 10296), and he brings error. Judgment affirmed.

H. A. Behrendt, of Detroit, Mich. (Behrendt & Behrendt, of Detroit, Mich., on the brief), for plaintiff in error.

James J. Spillane, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. Link asks a review of his conviction under section 126 of the Criminal Code (Comp. St. § 10296) for subornation of perjury.

[1] 1. The indictment undertook to allege in the same count, first, the commission of perjury by one Almashy, and then the subornation thereof by Link. The false oath was made before a United States Commissioner, to procure, under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), a search warrant for a house, and declared a purchase there by Almashy. The indictment-allegation of Almashy's perjury was in all respects completely formal, save that it omitted the word "willfully." The allegation of subornation is—"one Nick Link, well knowing that the * * * affidavit so given * * * as aforesaid was knowingly, willfully and corruptly made, as aforesaid, did feloniously willfully and corruptly suborn, incite and procure, etc." We are not prepared to say that in view of the scope which the courts in late years have given to the curative effects of R. S. § 1025 (C. S. 1916, § 1691), and section 269 of the Judicial Code (Comp. St. § 1246), we would now be as strict in requiring the presence of "willfully" in a perjury indictment, as were some of the older decisions, like U. S. v. Edwards (C. C.) 43 F. 67, and U. S. v. Howard (D. C.) 132 F. 325 (though see U. S. v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588). The strictness would be particularly unnecessary in a case where the full circumstances stated strongly suggested willfulness. However that might be, when we find that the false oath was taken, knowing it to be false, and then that its making was corruptly suborned and procured by another, every suggested element of perjury carried by the word "willfully" is to be found in the complete

indictment—save for the possibility that the falsehood might have been inadvertent or under compulsion. How these possibilities can be reconciled with the allegation that the oath was "corruptly suborned and procured" is not clear; but this indictment goes further. In the subornation clause, it expressly recites that the false oath had been "willful." We think this recital is sufficient, as against the suborner, to supply any otherwise possibly existing defect in the allegation of willfulness. We do not find that the exact point has been decided, but the tendency of the late decisions under R. S. § 1025, is to this effect. See Nickell v. U. S. (C. C. A. 9) 161 F. 702, 88 C. C. A. 562.

[2] 2. The motion to direct a verdict for defendant is now said to have been based upon the lack of any sufficient proof that the false oath was in fact taken or of the official character of the person who administered the oath as United States Commissioner. The record contains, as Exhibit No. 1, attached to the bill of exceptions, what purports to be a copy of the affidavit in question, signed by Almashy (under a false name) and sworn to before J. Stanley Hurd, United States Commissioner. This exhibit was shown to Almashy and he admitted signing it. It was then stated by counsel, in the presence of the witness and without objection by any one, that the affidavit was "sworn to before J. Stanley Hurd, U. S. Commissioner." This statement being unchallenged, and Mr. Hurd being an officer of the court whose official position was judicially known to the court, and his signature not having been questioned when the exhibit was received in evidence, there was no necessity for further proof of official character, signature, or administration of oath.

3. The other objections presented have been considered, but we find nothing else meriting discussion.

The judgment is affirmed.