**WONG WING FOO v. McGRATH, Atty. Gen. of the United States.**

No. 12986.

United States Court of Appeals Ninth Circuit.

Feb. 14, 1952.

As Amended on Denial of Rehearing April 28, 1952.

Chow & Sing, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal. (A. W. Hargreaves, M. M. Levine, Adjudication Section Immigration and Naturalization Service, San Francisco, Cal., on the brief), for appellee.

Before: DENMAN, Chief Judge, ORR, Circuit Judge, and LEMMON, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment in a suit brought under 8 U.S.C.A. § 903 for a judgment declaring appellant, plaintiff below, hereafter called plaintiff, to be a national of the United States. The district court held him not to be the son of one Wong Yem, an American citizen, and hence not entitled to enter the United States under the provisions of 8 U.S.C.A. § 601(c).

Plaintiff was born in China in 1928 and resided there until his voyage to San Francisco, California, where he arrived November 28, 1948. Upon presenting a passport from the American Consulate General at Hongkong he was denied his claimed right as an American citizen to enter at once and was held in detention by the immigration authorities. Instead of filing at once the instant suit under § 903 he waited until after the immigration authorities had determined in a proceeding under 8 U.S.C.A. § 153 before a board of special inquiry that he was not the son of Wong Yem.

Plaintiff here contends that the district court erred in not treating the instant § 903

proceeding as an independent action, but instead as a review of the special board of inquiry proceeding in which the evidence before that board was considered with other evidence taken before the district court. That is to say, the court below regarded the § 903 proceeding as though it were a review trial de novo. We can find nothing in the language of § 903 warranting treating the action there provided as anything other than an independent action which plaintiff could have brought as soon as the immigration officials refused to accept his passport and to allow him to enter. Such an action brought at once could not have its independent character changed by a subsequent administrative proceeding under § 153.

The pertinent portion of § 903 reads: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to a national of the United States. * * *"

Nothing in the above text suggests that the "action * * * for a judgment declaring him to be a national" is to succeed some prior administrative proceeding. This section is largely invoked where there has been no administrative proceeding at all. Such is the case where the Department of State refuses to give a passport, Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320; Podea v. Acheson, 2 Cir., 179 F.2d 306; or where a consul refuses to register a person as a United States national, Acheson v. Mariko Kuniyuki, 9 Cir., 189 F.2d 741; or refuses to allow a person claiming American citizenship to come to this country, Acheson v. Yee King Gee, 9 Cir., 184 F.2d 382; or where American citizens acting under claimed duress have filed with the Attorney General notices of their renunciation of citizenship and then later seek to have them set aside, McGrath v. Tadayasu Abo, 9 Cir., 186 F.2d 766. In none of the above cases is the § 903 action a trial de novo. There has not been anything tried by the Department of State or of Justice to be tried again as on appeal or review.

We do not think the independence of the 903 action is lost in other cases where the denial of the "right or privilege" is preceded by a hearing at which findings are made and a decision reached. The right to citizenship is a priceless thing and Congress in enacting § 903 in 1940 well could have decided that citizenship should not be denied one possessing it, by an administrative proceeding such as 8 U.S.C.A. § 153, first enacted in 1917, in which the right to any counsel is denied and mere hearsay evidence which may be determinative is admissible, Gung You v. Nagle, 9 Cir., 34 F.2d 848; Jung Yen Loy v. Cahill, 9 Cir., 81 F.2d 809, and in which the finding as to citizenship is deemed final, United States v. Ju Toy, 198 U.S. 253, 25 S.Ct. 644, 49 L.Ed. 1040.

At the trial below plaintiff and Wong Yem, his alleged father, a citizen, testified and the testimony they gave before the board of special inquiry was also admitted with the consent of the plaintiff. From the testimony of these two witnesses the court well could have found that the plaintiff was the son of Wong Yem. The court, proceeding on its theory that the action was a review de novo of the board's order treated the testimony of one Wong Gong, an alleged uncle of the plaintiff, as before it and based its adverse decision upon that testimony. We think Wong Gong's testimony was not before the court merely because it was taken in the proceeding before the board of special inquiry.

The defendant appellee further contends that Wong Gong's testimony is admissible hearsay under certain exceptions to the hearsay rule. We think not. Wong Gong was in San Francisco at the time of the trial and available to be summoned as a witness. Hence his testimony before the Board of Special Inquiry, though between

the same parties and on the same issue, is not admissible as the exception to the hearsay rule where such a witness is dead or otherwise not available. Smythe v. Inhabitants of New Providence Township, 3 Cir., 263 F. 481.[1]

Admission of the hearsay testimony of the alleged uncle is also sought under 28 U.S.C. § 1733:

"§ 1733. Government records and papers; copies

"(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept."

■ The reasons for this codified exception to the hearsay rule are principally two: There is a practical necessity for the use of such records to which is attached the presumption of a proper performance of official duty; and there is a great likelihood that a public official would have no memory at all respecting his action in hundreds of entries that are little more than mechanical. A further necessity lies in the inconvenience of calling to the witness stand all over the country government officers who have made in the course of their duties thousands of similar written hearsay statements concerning events coming within their jurisdictions. These are the reasons for such statutes as § 1733.[2] This case does not come within these reasons since Wong Gong is not an official on whom lies a duty to make the hearsay statement. Consequently, there is no guarantee of trustworthiness in his testimony.[3]

An absurdity would arise from application of the appellee's theory. Thus, in a trial on the charge of murder against John Smith, the testimony of William Henry, given in a hearing of the National Labor Relations Board, that Smith was the enemy of the murdered man would be admissible even though Henry were an available witness.

■ Section 1733 is a codification of a succession of statutes providing for the admission of government records, the first enacted in 1789 for those of the Secretary of State. 1 Stat. 69, c. 14, § 5. No case is cited to us in which under this statute, or any similar statute for another department or agency, the copies of the testimony of witnesses have been admitted over objection in a civil or criminal trial. The same is true of § 1732, considered infra, which codifies a succession of statutes providing for the admission of business records, the first of which was enacted in 1936. 49 Stat. 1561.

■ Nor is there merit in appellee's contention that the admission of Wong Gong's testimony can be justified under the business entries exception codified in 28 U.S.C. § 1732 providing:

"§ 1732. Record made in regular course of business

"In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter."

If this section applied to the record of evidence made by a court in the regular course of business of litigation, we would have the same absurdity as mentioned under § 1733. Assume John Smith is on trial for murder. In a civil trial between different parties, it appears that William Henry was a witness and gave testimony that he heard John Smith say that the murdered man was his enemy and that he intended to kill him. Henry is an available witness but the prosecution need not call him.

---

1. We find no conflict with McGrath v. Chung Young, 9 Cir., 188 F.2d 975, 977, where it does not appear that the finding of the Board of Special Inquiry was admitted in evidence over objection.

2. 5 Wigmore on Evidence (3d Ed.) §§ 1631, 1632.

3. 5 Wigmore on Evidence (3d Ed.) § 1633 (8).

It can introduce a copy of this statement made by Henry in the other civil proceeding. It is not by such reasoning that a man may be hanged without confronting and cross-examining the persons testifying against him.

We cannot believe that either of these two cited sections was intended to abolish the rule considered supra which permits such use of testimony of a witness in another and different proceeding between the same parties and on the same cause of action only when that witness is shown to be dead or otherwise not available.

Appellee contends that no error was committed since the plaintiff was under a duty to produce the alleged uncle as his own witness. We do not agree. If, as the district court regards him, the uncle was an unreliable witness and would testify against plaintiff, plaintiff was under no obligation to produce him.

It is apparent from the entire record of this case and from the use made by the district court of the copy of Wong Gong's testimony that the plaintiff was seriously prejudiced thereby.

The judgment is reversed and the case is remanded for further proceedings consistent with the principles stated in this opinion.