**Joe SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23344.**

United States Court of Appeals
Fifth Circuit.

July 13, 1966.

Charles D. Rosser, Tuscumbia, Ala., for appellant.

J. O. Sentell, Asst. U. S. Atty., Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

BENJAMIN C. DAWKINS, Jr., District Judge:

Appellant was convicted in the court below under a one-count indictment

charging him with perjury, in violation of 18 U.S.C. § 1621. He is here insisting that the evidence adduced before the jury, as to one of the elements of the crime, was insufficient in law to support the verdict.

We are in agreement that the Government failed properly to show one of the essential elements of the crime and hold that the conviction under such circumstances constituted plain error, Rule 52 (b), F.R.Crim.P. Accordingly, we reverse and remand for a new trial.

Appellant had been convicted upon a guilty plea in a state court of second degree burglary and assault with intent to murder, on February 17, 1962, and was sentenced to a term in the state prison. Thereafter he filed a petition for a writ of habeas corpus in the district court asserting alleged illegal detention and denial of his right to the assistance of counsel in the state court proceedings. This petition ultimately was denied.

At the habeas hearing appellant categorically denied that he was consulted or represented by one Starnes, his court-appointed counsel, in the original trial in the state court. It was upon this assertion that the federal grand jury indicted him for perjury.

At the trial the Government called the district Clerk of Court who identified appellant's petition for habeas corpus This was received in evidence as was a certified copy of the transcript of evidence in the hearing on the petition, taken September 24, 1964. Other than the fact that he was presently serving as Clerk and had held office for nearly nine years, no additional testimony was elicited from this witness. *He did not testify that he administered an oath to appellant in the habeas hearing.*

The Government then called as witnesses W. T. Starnes, appellant's court-appointed counsel at the state trial;

Talmadge Fambrough, the county solicitor who had prosecuted appellant; and Judge L. P. Waid, the judge of the state court. Each of them testified that appellant was ably represented by Starnes, who had allowed appellant to plead guilty to second degree burglary only after securing a plea bargain from Fambrough, who agreed to *nolle prosequi* the original first degree burglary charge. Appellant neither took the stand nor presented any significant defense, and was found guilty as charged.

The perjury statute, 18 U.S.C. § 1621, provides:

"Whoever, *having taken an oath* before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall * * * [etc., be punished]." (Emphasis added)

It is plain that an essential element of the crime of perjury under section 1621 is that the accused shall have taken an oath before giving the alleged false testimony. Proof of the charge requires that sufficient evidence be adduced before the jury upon which it can be found beyond a reasonable doubt that an oath was administered to the defendant by some officer authorized to do so. See e. g., Brooks v. United States, 240 F.2d 905 (5 Cir. 1957); Harrell v. United States, 220 F.2d 516 (5 Cir. 1955).

As noted, in the trial below the transcript of the habeas hearing was offered and received in evidence.[1] However, the only evidence before the jury

1. The actual transcript of the habeas proceeding no longer appears in the record. Rather, subsequent to the trial and verdict in this case, on October 7, 1965, an excerpt from the transcript was filed which, contrary to the actual transcript, would indicate that a person styled "The Clerk" administered an oath to Smith. However, this excerpt was not in evidence before the jury.

as to the administration of an oath was the court reporter's usual prefatory statement, "Petitioner, Joe Smith, having been duly sworn, testified as follows: * * *." As indicated, for some reason the Clerk who identified the transcript was not called upon to testify as to whether he was present at the habeas hearing, whether he administered the oath to appellant, or whether he observed anyone else do so. See Meyers v. United States, 84 U.S.App.D.C. 101, 171 F. 2d 800, 812, 11 A.L.R.2d 1 (1948). Moreover, the Government failed to put the court reporter on the stand, although he was present in court transcribing the perjury trial.

The bare statement, "Petitioner, Joe Smith, having been duly sworn, testified as follows: * * *," does not even purport to be a transcription of the prior proceedings, but is rather a mere *ex parte,* unsworn conclusion by the reporter that appellant had been sworn.

The Government urges that 28 U.S.C. § 753(b), providing that the transcript in any case certified by the reporter " * * * shall be deemed *prima facie* a correct statement of the testimony taken and proceeding had * * *," itself establishes a strong presumption that the oath was administered, which, *not having been rebutted by appellant,* furnishes sufficient proof of that element of the crime of perjury. Such a proposition is untenable because here no one *testified* that an oath was administered to appellant.[2]

The Government also contends that where, as here, the record in a prior proceeding is offered in evidence *without objection* as an exhibit which recites that the witness was first duly sworn before being questioned, there is a strong presumption that the testimony was given under oath. This plainly cannot stand for the same reason, namely that no one testified that appellant had been placed under oath.

The cases cited in support of the Government's propositions are clearly not controlling. In Vuckson v. United States, 354 F.2d 918 (9 Cir. 1966), a perjury conviction was affirmed where the government put on no live witnesses. It was held, however, that the false statement given before a grand jury was sufficiently shown by the recorded testimony together with the statements of the defendant. Upon taking the stand, the defendant admitted that he had been placed under oath before the grand jury. Thus the administration of the oath was well proven by the defendant's own admission and other corroborative evidence. See also the similar case of Link v. United States, 2 F.2d 709 (6 Cir. 1940). In United States v. Seavey, 180 F.2d 837 (3 Cir. 1950), a perjury conviction was upheld where the foreman of the grand jury, before whom the false statement was made, testified that he swore every witness who came into the room, although he could not remember specifically the testimony of the defendant. The reporter also testified that he had been present when the defendant appeared before the grand jury, that he had seen the defendant take the oath, but that his notes did not show specifically that the defendant had been sworn.

The error below, manifest upon the record, was the failure to prove an essential element of the crime of perjury—that is, that the accused took an oath required by law.

Accordingly, the judgment of the district court is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

---

**2.** In Tatum v. United States, 101 U.S. App.D.C. 373, 249 F.2d 129 (1957), defendant was prosecuted for carnal knowledge of a 9 year old child. After a previous conviction had been reversed, it was held that at the second trial the previous recorded testimony of an expert witness who had been subjected to cross-examination and who had no independent recollection of the facts to which he testified, was admissible, as it was *prima facie* correct under 28 U.S.C. § 753(b).