UNITED STATES of America,
Plaintiff-Appellee,

v.

Luis Javier ARIAS, Defendant-Appellant.

No. 77–2536.

United States Court of Appeals,
Ninth Circuit.

May 19, 1978.

As Amended on Denial of Rehearing
June 12, 1978.

S. Jeffrey Minker (argued), of Rabinovitz, Minker & Dix, Tucson, Ariz., for defendant-appellant.

Stephen M. Dichter, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

Before HUFSTEDLER, SNEED, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

This is an appeal from a perjury conviction based on false testimony given by the defendant when he was tried for drug offenses. Luis Javier Arias was tried for the drug offenses on March 10, 1977, but the jury could not reach a verdict. He was tried a second time for the drug offenses on March 22, 1977 and was convicted. He then was charged with perjury, 18 U.S.C. § 1621, based on certain testimony he had given at the first trial. Arias was convicted of perjury and he challenges that conviction on this appeal.

The principal issue is whether the Government failed to prove that the allegedly perjurious statements were made under oath, an element of proof which is essential if we are to sustain the conviction. Arias also contends that a motion to dismiss the perjury indictment should have been granted, on grounds that the prosecution was selective and vindictive and further on the ground that a conviction was barred by collateral estoppel. For the reasons which follow, we reject each of these arguments and affirm the conviction.

A partial transcript of Arias' testimony at the first drug trial was introduced by the Government in the perjury proceeding. The court reporter from the first trial identified the transcript and testified to its accuracy. The portion of the transcript that was in evidence at the perjury trial stated that the appellant, "having been first duly sworn" testified as was reported. There was no other testimony or proof to show that the statements were made under oath. Neither the court reporter nor any other witness testified that an oath was administered to appellant at the first trial. Arias argues that a perjury conviction based on such a record cannot stand because there is a total lack of evidence that the statements in question were made under oath.

It is well settled that the Government has the burden of proving each essential element of a crime. _Tot v. United States_, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). In a perjury prosecution proof that the statements in question were made under oath is one such element. We find the transcript's recital that the defendant was duly sworn was sufficient, absent timely objection, to prove this aspect of the offense.

The recital that Arias was sworn was contained in an official trial transcript. A trial transcript, although it is hearsay, is nevertheless admissible to prove that the testimony was given and that an oath was taken. It is admissible for this purpose as a public record of a matter observed by one with a duty to report, Fed.R.Evid. 803(8),[1]

---

1. Cf. _Wong Wing Foo v. McGrath_, 196 F.2d 120, 123 (9th Cir. 1952), _cited in_ Advisory Committee Notes to Fed.R.Evid. 803(8). _McGrath_ held that a transcript of a former proceeding is not admissible under the government records exception to prove the truth of matters asserted by a witness quoted therein. The case before us, however, involves the statement of the court reporter, not that of a witness. A reporter's observation recorded in a transcript is exactly the sort of record which the Government

records exception was designed to allow into evidence:

> There is a practical necessity for the use of [government] records to which is attached the presumption of a proper performance of official duty; and there is a great likelihood that a public official would have no memory at all respecting his action in hundreds of entries that are little more than mechanical.

_McGrath_, 196 F.2d at 123.

or, assuming a proper foundation after examining the court reporter, it may be read into evidence as past recollection recorded, *id.* 803(5). *See* 4 Weinstein's Evidence %¶ 804(b)(1)[01], at 804–50 (1975). Although a statement that the witness was sworn is more conclusory than would be a report of the oath *in haec verba,* such an assertion does not represent an inference based upon such complex perceptions or remote events that it would necessarily be stricken as conclusory. In any event, no objection was made to the introduction of the reporter's recital on these grounds,[2] and therefore error may not be predicated upon its introduction. Fed.R.Evid. 103(a).

We recognize that our ruling is contrary to the holding of the Fifth Circuit in *Smith v. United States,* 363 F.2d 143 (5th Cir. 1966). The court in *Smith,* however, issued its decision before the effective date of the Federal Rules of Evidence and did not consider the principles embodied in the specific rules we have discussed. We do not find the *Smith* case persuasive authority here.

■ The second ground of appeal is that the indictment was the product of an unconstitutional selection by the prosecutor. In order to prevail on a claim of discriminatory prosecution, an appellant must demonstrate first "that others similarly situated generally have not been prosecuted for conduct similar to that for which he was prosecuted," and, second, "that his selection was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech." *United States v. Scott,* 521 F.2d 1188, 1195 (9th Cir. 1975), *cert. denied,* 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976); *see United States v. Gardiner,* 531 F.2d 953 (9th Cir. 1976), *cert. denied,* 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1977); *United States v. Berrios,* 501 F.2d 1207 (2d Cir. 1974). Appellant has neither shown that he was treated differently from others similarly situated, nor proven that any alleged discrimination by the prosecutor was based on invidious criteria. The appellant apparently claims that any perjury prosecution is impermissible because it singles out those who choose to take the witness stand in their own defense. But a perjury prosecution reflects a selection which is distinct from the class of those who testify in their own defense. The prosecution category is broader because it would include persons who testify under oath for any number of reasons, not just those who take the stand to defend themselves in a criminal case. And the prosecution category is narrower than appellant contends because the gravamen of the crime is not the act of giving testimony but of lying under oath. A criminal defendant does not have the right to testify free from the risk of perjury prosecution. *See United States v. Wong,* 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977). To hold otherwise would detract from the dignity, and the utility, of an accused's absolute right to give sworn testimony on his own behalf.

■ In a similar vein appellant argues that the perjury prosecution was vindictive because it resulted from the prosecutor's being upset when the jury in the first drug case was unable to reach a verdict. Appellant has the burden of showing facts on which vindictiveness, in the sense of bad faith or maliciousness, may be found. *Blackledge v. Perry,* 417 U.S. 21, 28, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v. Thurnhuber,* 572 F.2d 1307, 1310 (9th Cir. 1977). The bare allegation by Arias that the Government was upset is too little to satisfy the burden of establishing prosecutorial misconduct.[3] Moreover, since the argument does not suggest a link between the decision to prosecute for perjury and the appellant's exercise of a procedural right during the first trial, there is no presumption in this case of vindictive prosecution. *Thurnhuber,* 572 F.2d at 1310; *see*

---

**2.** Counsel for Arias did object to admission of the transcript on the basis of the best evidence rule and also objected that selected portions of the transcript were offered by the Government rather than the entire record of the earlier trial. Record, vol. II, at 40–41. The trial court overruled both objections. *Id.* at 42, 44.

**3.** The appellant's allegation does not rise to the level of establishing an "appearance of vindictiveness" such as was disapproved in *United States v. Groves,* 571 F.2d 450 (9th Cir. 1978).

*Bordenkircher v. Hayes,* 434 U.S. 357, 362, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

■ There is no merit in appellant's contention that the perjury indictment was barred by collateral estoppel. Our recent decision in *United States v. Hernandez,* 572 F.2d 218 (9th Cir. 1978), held that a perjury prosecution based on statements made by the defendant at a previous trial was barred by a judgment of acquittal in the first case since the statements had necessarily been determined to have been truthful. *See United States v. Brown,* 547 F.2d 438 (8th Cir.), *cert. denied,* 430 U.S. 937, 97 S.Ct. 1566, 51 L.Ed.2d 784 (1977). Contrary to the sequence of events in *Hernandez,* however, the facts concerning the truth or falsity of appellant's testimony in the drug offense cases had been resolved against him before the perjury charge was brought. The defendant cannot derive any benefit from application of the collateral estoppel rule, because there was no finding in favor of the defendant that can form the basis for a plea in bar at the subsequent trial.

The appellant's contention that the trial court erred in granting the Government's motion for a continuance is without merit.

The conviction is AFFIRMED.