**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis YOSHIDA, Defendant-Appellant.**

**No. 83–1113.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1983.

Decided Dec. 28, 1983.

Mark Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Philip H. Lowenthal, Wailiki, Hawaii, for defendant-appellant.

Before CHAMBERS, SNEED and ANDERSON, Circuit Judges.

CHAMBERS, Circuit Judge:

Appellant, Dennis Yoshida, appeals his conviction entered after a jury trial for perjury. The sole question presented on appeal is whether appellant was under oath at the time he signed the affidavit which served as the basis for the indictment. We affirm.

Appellant argues the evidence presented at trial was insufficient to sustain the conviction. In considering this point, the appellate standard is whether, after "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Balk,* 706 F.2d 1056, 1059 (9th Cir.1983).

In *Smith v. United States,* 363 F.2d 143 (5th Cir.1966), the Court wrote:

It is plain that an essential element of the crime of perjury under section 1621 is that the accused shall have taken an oath before giving the alleged false testimony. Proof of the charge requires that sufficient evidence be adduced before the jury upon which it can be found beyond a reasonable doubt that an oath was administered to the defendant by some officer authorized to do so.

*Id.* at 144; *see also United States v. Arias,* 575 F.2d 253, 254 (9th Cir.1978). In the instant case, defendant testified that the notary public who witnessed the signature asked him if the contents of the affidavit were true to which defendant replied in the affirmative. Further, it appears that the affidavit itself contained a jurat reading, "Subscribed and sworn to before me . . . .", and the text of the affidavit began with the words, "DENNIS YOSHIDA, being first duly sworn, on oath, deposes and says:"

No particular formalities are required for there to be a valid oath. It is sufficient that, in the presence of a person authorized to administer an oath, as was the notary herein, the affiant by an unequivocal act consciously takes on himself the obligation of an oath, and the person undertaking the oath understood that what was done is proper for the administration of the oath and all that is necessary to complete the act of swearing. In the instant case the jury was so instructed and obviously believed the government's version of the facts. A review of the record shows the evidence to support the verdict as such, the conviction is affirmed.