FILED

NOT FOR PUBLICATION

MAY 24 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50365 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00522-CAB-1 |
| v. | |
| JOSE LEONARDO NUNEZ-BELTRAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted May 4, 2011**
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Jose Nunez-Beltran was stopped while attempting to run across the border

through a vehicle lane. He was advised of his *Miranda* rights. He then admitted

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

that he was a Mexican citizen, born in Sinaloa, Mexico, and that he did not possess any documents allowing him to enter the United States.

The government filed an information charging Nunez-Beltran with one count of improper entry by an alien in violation of 8 U.S.C. § 1325. The day before trial, the government filed a bill of particulars, specifying that it intended to proceed on theories under 8 U.S.C. §§ 1325(a)(1) and (a)(2). At the end of the bench trial, Nunez-Beltran was convicted of violating 8 U.S.C. § 1325(a)(1), and sentenced to sixty days of imprisonment. We now affirm.

**1.** "An indictment is considered duplicitous if a single count combines two or more different offenses." *United States v. Renteria*, 557 F.3d 1003, 1007 (9th Cir. 2009). We aren't certain whether 8 U.S.C. §§ 1325(a)(1) and (a)(2) set forth different offenses or different means of committing the same offense. *Cf. Renteria*, 557 F.3d at 1008. That inquiry is a difficult one, *see United States v. Arreola*, 467 F.3d 1153, 1157 (9th Cir. 2006); *Schad v. Arizona*, 501 U.S. 624, 643 (1991) (plurality opinion), but one we fortunately need not undertake.

"Duplicity in an indictment . . . constitute[s] reversible error only if" it is prejudicial. *United States v. Aguilar*, 756 F.2d 1418, 1422 (9th Cir. 1985). Nunez-Beltran has not articulated any viable theory of how the alleged duplicity prejudiced him and we see none.

2

At the conclusion of the bench trial, the magistrate judge stated:

> [T]he Court finds that the Government has met their burden of proof . . . beyond a reasonable doubt and that the defendant is guilty of the offense charged, 1325(a)(1).

There can therefore be no doubt that the magistrate judge found Nunez-Beltran guilty of the violation set forth in § 1325(a)(1), and that the magistrate judge did not rely on the § 1325(a)(2) theory in determining Nunez-Beltran's guilt.

Nunez-Beltran asserts that the information's alleged duplicity caused him to be convicted on the § 1325(a)(1) theory on the basis of evidence that was only admissible in support of the § 1325(a)(2) theory. We disagree. There is no reason to think that either the magistrate judge or the district judge erroneously considered inadmissible evidence. For that matter, we fail to see how any such error would have been avoided by an information that alleged violations of 8 U.S.C. §§ 1325(a)(1) and (a)(2) in separate counts, as Nunez-Beltran has not demonstrated that severance would have been appropriate.

We are not persuaded by Nunez-Beltran's claim that the alleged duplicity prejudiced him by providing inadequate notice of the government's theory of prosecution. Nunez-Beltran does not explain how the lack of notice caused him prejudice, and we are unable to conclude that it did.

**2.**     We also reject Nunez-Beltran's argument that there was insufficient evidence that he was an alien for the district court to convict him of violating § 1325(a)(1) beyond a reasonable doubt.[1]  "When the primary evidence of citizenship offered by the Government consists of the defendant's own admissions, those admissions require some independent corroborating evidence in order to serve as the basis for a conviction."  *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997) (quotation omitted).  "To satisfy the corroboration requirement, the Government must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable."  *Id.* (quotation omitted).

This corroboration requirement is easily met here.  Nunez-Beltran's attempt to cross the border without documentation and without inspection, as well as his repeated admissions that he was born in Mexico, his admission that he had never been to the United States, and his admission that his parents and wife were born in Mexico and were Mexican citizens all "tend[] to establish the trustworthiness of [his] admission[]" of alienage.  *Hernandez*, 105 F.3d at 1332 (quotation omitted);

---

[1] Because the issue was not raised, we do not address whether attempting to enter the United States on foot through a vehicle lane at a designated port of entry constitutes an attempt to enter at a "time or place other than as designated by immigration officers."  8 U.S.C. § 1325(a)(1).

4

*see also United States v. Garcia-Villegas*, 575 F.3d 949, 951 (9th Cir. 2009). These statements and actions, and the circumstances in which they were made or taken, eliminate any reasonable doubt as to the accuracy of Nunez-Beltran's admission that he was not a United States citizen.

AFFIRMED.