UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY LEE MAYSHACK,<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>ROBERT GONZALES, Attorney General,<br>#447564, Jail Official and ROMEO<br>JUNCAJ, Custody Assistant and<br>Supervisor Training Officer,<br><br>              Defendants - Appellees. | No. 09-55771<br><br>D.C. No. 2:00-cv-01297-PSG-PLA<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

The memorandum disposition filed concurrently with this order replaces the memorandum disposition filed under seal on April 19, 2011. This memorandum disposition contains a minor change to satisfy defendant Gonzales's objection to public filing.

With this change, the panel has voted unanimously to deny the petitions for rehearing and rehearing en banc. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petitions for rehearing and rehearing en banc are denied. No further petitions for rehearing will be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY LEE MAYSHACK, | No. 09-55771 |
| Plaintiff - Appellant, | D.C. No. 2:00-cv-01297-PSG-PLA |
| v. | |
| ROBERT GONZALES, Attorney General, #447564, Jail Official and ROMEO JUNCAJ, Custody Assistant and Supervisor Training Officer, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted March 10, 2011
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Billy Lee Mayshack appeals from the district court's grant of summary

judgment to the individual defendants, Gonzales and Juncaj, on his official

capacity claims; the district court's dismissal of his claims against Los Angeles

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

County, the Los Angeles County Sheriff's Department and Sheriff Baca (collectively the "County Defendants"); and the verdict in favor of the individual defendants on his individual capacity claims. We reverse as to all three.

**Official Capacity Summary Judgment**

We review de novo the district court's grant of summary judgment to Gonzales and Juncaj on Mayshack's official capacity claims. *See Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). We must determine, "viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact" and whether the district court applied the substantive law correctly. *Id.* We liberally construe a *pro se* plaintiff's pleadings, and we grant even more leeway to *pro se* inmates. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("We have, therefore, held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly.").

To establish liability on the merits of this claim, Mayshack needed to show that "the execution of a government's policy or custom" inflicted the injury of which he complained. *Long*, 442 F.3d at 1185. The alleged policy "can be one of action or inaction." *Id.* Here, especially given the liberal construction afforded to *pro se* inmate plaintiffs, Mayshack raised a genuine issue of material fact as to

2

whether the county had a policy of inaction. At least for the purposes of summary judgment, Mayshack raised a genuine issue of material fact as to whether 1) a county employee violated his constitutional rights, 2) a policy of inaction amounted to deliberate indifference, and 3) that policy of inaction was the moving force behind the constitutional violation. *Long*, 442 F.3d at 1186.

Mayshack easily satisfies the first and third of these prongs; as for the second, Mayshack met the summary judgment standard by alleging in his verified pleadings that the county failed to take steps to prevent the beatings of inmates charged with child molestation, including the failure to segregate those inmates. "[A] county's lack of affirmative policies or procedures to guide employees can amount to deliberate indifference. . . ." *Long*, 442 F.3d at 1189. Even more specifically, a failure to segregate inmates can constitute deliberate indifference. *Redman v. County of San Diego*, 942 F.2d 1435, 1444-45 (9th Cir. 1991) (en banc). Moreover, "whether a local government has displayed a policy of deliberate indifference to the constitutional rights of its citizens is generally a jury question." *Long*, 442 F.3d at 1190-91 (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1194-95 (9th Cir. 2002).

3

In addition to the information contained in Mayshack's verified pleadings,[1] relevant evidence before the court at the time of the first summary judgment motion included defendant Gonzales's statements that the beatings of inmates charged with child molestation ("288 inmates") occurred "often" and "throughout the jail,"[2] and a letter from the Los Angeles District Attorney reporting allegations of twenty similar incidents that implicated twelve county officers, including the individual defendants. In fact, an official written policy of inaction did exist, but the policy was not disclosed until five months before trial on the individual capacity claims; this policy reflects that inmates accused of child molestation were not placed in special housing until after the inmates had already encountered a "problem" in the general population. Relying on that policy during trial, the individual defendants denied that their individual actions, rather than the official written policy, were the cause of Mayshack's beatings. While we cannot consider

---

[1]Although there is a dispute as to whether some of Mayshack's pleadings are verified, we conclude that the declarations attached to each of those pleadings are sufficient, at least for a *pro se* inmate, to qualify those pleadings as "verified." In any event, the uncontested pleadings are sufficient to meet Mayshack's burden at this stage.

[2]The district court correctly found these statements to be admissible at the summary judgment stage. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

4

the official policy for purposes of deciding the summary judgment question,[3] proof of a written policy of inaction is not required to survive summary judgment, and, indeed, will rarely be present.

Therefore, summary judgment on these claims was inappropriate, and we reverse the grant of summary judgment on the official capacity claims.

**Claims against the County Defendants**

A plaintiff waives all claims dismissed with leave to amend by failing to reallege those claims in his amended complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998), *supersed by statute on other grounds as recognized by Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681 (9th Cir. 2006). However, if a claim is dismissed without leave to amend, the waiver rule does not apply, *id.,* and we have made clear that *pro se* plaintiffs must "be given an opportunity to amend their complaint unless it is *absolutely clear* that the deficiencies in the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (quoting *Stanger v. City of Santa*

---

[3]We can only review "evidence available to the court at the time the motion was made." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

*Cruz*, 653 F.2d 1257, 1257-58 (9th Cir. 1980)) (internal quotation marks omitted) (emphasis added).[4]

Here, the magistrate judge initially dismissed Mayshack's First Amended Complaint without leave to amend as to his claims against Sheriff Baca and the Los Angeles County Sheriff's Department. The magistrate judge's inaccurate representation in a subsequent minute order that Mayshack *had* initially been given leave to amend did not rectify the clear language in the first order which stated that Mayshack's claims against these defendants "cannot be cured by amendment," and that Mayshack's amended complaint "*shall not* name Sheriff Baca or the Los Angeles County Sheriff's Department, *or contain any claims* against either of these defendants." (emphasis added). In denying Mayshack's request to file a Third Amended Complaint, the magistrate judge again found that Mayshack had failed to state a claim against the County Defendants, and gave him leave to amend his Third Amended Complaint only if he later discovered the name of the "unknown sheriff's deputy" (now revealed as defendant Juncaj). Although the magistrate

---

[4]The individual defendants argue that Mayshack was not prejudiced because a suit against the officers in their official capacity is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, name is important, particularly in a jury trial, and we therefore do not agree that Mayshack did not suffer prejudice as a result of the dismissal. Moreover, the individual defendants have no standing to argue here on behalf of the County defendants.

judge later ordered Mayshack to file a Fourth Amended Complaint, stating all claims against all defendants, this did not negate his previous dismissals of the County Defendants without leave to amend because, at least to a *pro se* plaintiff, this order appeared merely to allow Mayshack to name Juncaj, in addition to Gonzales, as the court had previously instructed.

Moreover, despite the fact that Mayshack's Notice of Appeal and Amended Representation Statement make clear that Mayshack was challenging the dismissal of the County Defendants, those defendants did not file an opposition or enter an appearance on appeal, nor did they file a brief or appear at oral argument.[5] Thus, the County Defendants have waived any right to challenge Mayshack's opposition to the dismissal. Because it was not "*absolutely clear* that the deficiencies in the complaint could not be cured by amendment," *Franklin*, 745 F.2d at 1228 n.9 (quoting *Stanger*, 653 F.2d at 1257-58) (emphasis added), on remand, the district court must grant Mayshack leave to amend his complaint to include the County Defendants.

**Verdict on Individual Capacity Claims**

---

[5]The County Defendants were represented in the district court by the same counsel that represented Gonzales. On appeal, however, that counsel filed a brief and appeared for Gonzales only.

The individual capacity claims against the individual defendants proceeded to jury trial, and the individual defendants prevailed. However, on the night before trial, the district court excluded the transcript of an interview that Internal Criminal Investigations Bureau (ICIB) investigators had conducted with Gonzales. We review for abuse of discretion the district court's ruling to exclude the transcript as inadmissible hearsay. *Montiel v. City of L.A.*, 2 F.3d 335, 341 (9th Cir. 1993). The district court correctly ruled that the first-level of hearsay in the transcript, Gonzales's statements to ICIB investigators, was properly admissible. The statements were admissible against Gonzales as the statements of a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A). Such statements "are not hearsay and are admissible provided the statement is offered against the party and is the party's own statement." *United States v. Castro*, 887 F.2d 988, 999-1000 (9th Cir. 1989). Gonzales's statements were also admissible against Juncaj pursuant to the "statement against interest" exception to the hearsay rule. *See* Fed. R. Evid. 804(b)(3). Gonzales was unavailable as a witness because he testified in his deposition that he lacked memory about the "subject matter" of his previous statements. *See* Fed R. Evid. 804(a)(3). Moreover, the statements were clearly against the interest of Gonzales, the declarant. *See* Fed. R. Evid. 804(b)(3)(A).

The district court abused its discretion, however, in ruling that the transcript was inadmissible as second-level hearsay.[6]  The transcript falls within the public records exception.  *See* Fed. R. Evid. 803(8).  As we held in *United States v. Arias*, 575 F.2d 253 (9th Cir. 1978), "a reporter's observation recorded in a transcript is exactly the sort of record which the Government records exception was designed to allow into evidence."[7]  *Id.* at 255 n.1.  Although the transcriber here was not a courtroom reporter, she was a government employee whose official duties sometimes included transcription, the transcript came from the government, and it contained numerous other indicia of reliability.  In fact, Gonzales was provided with a copy of the transcript when he left the Department, and there is no indication that he objected to the accuracy of its contents.  To the extent other questions about the transcript's reliability arise, those questions would go to the weight accorded to it, not to its admission.  The district court abused its discretion

---

[6] Juncaj asserts that a few of the statements suffered from third-level hearsay problems.  Because Juncaj fails to point to any statements in particular, however, we are unable to determine whether they are in fact hearsay.

[7] As discussed above, the statements in the transcript were properly found admissible, thus the only question was whether the reporter's observations in the transcript of what she heard on the tape were admissible.

by excluding the transcript the night before the trial and then refusing repeated requests from Mayshack to allow the transcriber to testify at trial.[8]

Finally, excluding the transcript was not harmless error, as the defendants have not rebutted the presumption of prejudice by showing "that it is more probable than not that the jury would have reached the same verdict even if the evidence had been admitted." *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005).

**Qualified Immunity**

We are not persuaded by the alternative grounds for affirmance that Juncaj raises on appeal. Both Judge Morrow and Judge Gutierrez correctly denied Juncaj's motions for summary judgment on the basis of qualified immunity.[9] Juncaj's alleged conduct, as described in Gonzales's interview, Wayne Henry's declaration, and Mayshack's pleadings, violated Mayshack's clearly established constitutional right to personal security. *See, e.g., Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). Moreover, it was also clearly established that when government

---

[8]Because we find that the transcript was admissible under the public records exception, we do not reach Mayshack's alternate argument that the transcript was admissible under the residual exception.

[9]The qualified immunity analysis applies to the suit against Juncaj only in his individual capacity, because in suits against officers in their official capacity, qualified immunity is "unavailable" as a defense. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

10

officials affirmatively and with deliberate indifference place an individual in danger, those officials may be held liable. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1066 (9th Cir. 2006) (finding the law clearly established in 1998, and noting that those rights had been clearly established at least ten years before that).

**Statute of Limitations**

We also reject Juncaj's statute of limitations argument. Both Judge Morrow and Judge Gutierrez correctly held that the operative complaint naming Juncaj "related-back" to the original complaint. *See* Fed. R. Civ. Pro. 15(c)(1)(c). First, the claim arose out of the "conduct, transaction, or occurrence" set forth in the original complaint. *Id; see Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007).

Second, Juncaj received constructive notice of the suit, because he had a "sufficient community of interest" with Sheriff Baca "to justify imputing knowledge of the action from the former to the latter." *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994). In particular the two parties shared an attorney, *see id.*, and Juncaj was Sheriff Baca's employee.[10]

_____

[10]At oral argument, defense counsel asserted that Juncaj left the Sheriff's Department in 2000, but Juncaj's declaration asserts that he was hired in January of 1996 and worked for the department for nine and a half years; therefore, he was still a county employee when the complaint was filed in 2000.

Juncaj was not prejudiced by the delay in adding him to the complaint because Juncaj's original attorney had conducted discovery on Gonzales's behalf, and the benefits of that work accrued to Juncaj. Juncaj was also given three additional months to conduct discovery, and the district court reopened discovery twice, which enabled Juncaj to conduct additional discovery.

Finally, Mayshack would have named Juncaj, but for a mistake in his identity.[11] *See Pan Ocean,* 23 F.3d at 1503. The district court correctly granted leave to amend, because "[t]he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires." *Guerrero*, 499 F.3d at 933 (quoting *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

Therefore, we reverse and remand for further proceedings consistent with this disposition.[12]

**REVERSED and REMANDED.**

---

[11]Juncaj does not contend that the "mistake" provision does not apply in cases, like this, where the plaintiff did not know the defendant's name, and therefore, he has waived that argument.

[12]To the extent that any facts set forth in this disposition were the subject of a sealing order by the district court, that order is lifted. In all other respects, the order remains in effect.