**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50121 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00412-LAB-1 |
| v. | |
| LUIS MIGUEL CERDA-RAMIREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and ZOUHARY,[**] District Judge.

Luis Miguel Cerda-Ramirez was charged with felony illegal entry in violation of 8 U.S.C. § 1325, in the Southern District of California in February 2017. Following trial, a jury found Cerda-Ramirez guilty of the lesser-included

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

misdemeanor illegal entry offense. At trial, the government introduced as evidence four documents related to a separate case from the Middle District of Florida concerning one Luis Miguel Cerda-Ramirez. The parties contested whether the defendant in the Florida case and the defendant in the present case were the same person. The four disputed documents from the Florida case were: (1) the criminal complaint and accompanying affidavit; (2) the guilty plea transcript; (3) the judgment; and (4) a document entitled USM-129, which contained biographical information about the defendant in the Florida case. The district court admitted the first three documents under the judicial notice doctrine. The district court did not specify the basis on which it admitted the USM-129 document.

On appeal, Cerda-Ramirez challenges the district court's use of the judicial notice doctrine in this case. He asserts the district court admitted all documents through judicial notice because the district court offered no other express basis for admitting the USM-129. Cerda-Ramirez contends the district court erred in admitting the documents because they are not judicially noticeable, do not meet any hearsay exception, and two of the documents violate the Confrontation Clause. Further, Cerda-Ramirez argues that the district court's errors were not harmless. Lastly, he asserts the district court erred by failing to instruct the jury pursuant to Federal Rule of Evidence 201(f), which would have explained that the jury did not have to consider judicially noticed facts as conclusive. We have jurisdiction

2

pursuant to 28 U.S.C. §§ 1291 and 1294. Although the district court erred in admitting three of the documents under the judicial notice doctrine and by not instructing the jury under Rule 201(f), for the reasons detailed below, we affirm.

1.    We review the district court's decision to take judicial notice of the contested documents for abuse of discretion but reverse only where a district court's error more likely than not affects the verdict. *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); *see also United States v. Chang Da Liu*, 538 F.3d 1078, 1085 (9th Cir. 2008) (a "district court's decision to admit or exclude evidence . . . will be reversed only if the error more likely than not affected the verdict."). However, where the district court admits evidence on an incorrect basis but the evidence is nevertheless admissible for a different reason, no reversible error occurs. *See United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997).

2.    The district court improperly took judicial notice of the criminal complaint and accompanying affidavit from the Florida case because courts cannot take judicial notice of facts subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Here, the complaint and affidavit contain facts subject to reasonable dispute, including whether the defendant in the Florida case and the defendant in the present case were the same person.

Further, the criminal complaint and accompanying affidavit were

inadmissible under Fed. R. Evid. 803(8) because they are adversarial documents. *Cf. Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008) (noting that prosecutors filing criminal complaints exercise "independent judgment in determining that probable cause for an accused's arrest exists." This indicates that criminal complaints are adversarial documents because prosecutors must support their accusations with probable cause.) (citation omitted). Pursuant to Rule 803(8), "a record or statement of a public office" is admissible if, as relevant here, "it sets out a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(A)(ii), (B). However, "the *purpose* of the law enforcement exception is to exclude . . . observations made in an adversarial setting." *United States v. Fryberg*, 854 F.3d 1126, 1132 (9th Cir. 2017) (citations and internal quotation marks omitted) (emphasis in original). Here, the government points to no authority where a court has admitted a criminal complaint and supporting affidavit under the public record exception to the hearsay rule.

Moreover, the complaint and affidavit are testimonial and their admission would violate the Confrontation Clause because Cerda-Ramirez was not able to cross-examine the person who prepared the documents. *See Crawford v. Washington*, 541 U.S. 36, 51, 59 (2004). Therefore, the district court abused its

discretion in admitting the criminal complaint and accompanying affidavit. *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

3.      The district court improperly took judicial notice of the guilty plea transcript from the Florida case because courts cannot take judicial notice of facts subject to reasonable dispute. *See Lee*, 250 F.3d at 689–90. Here, the transcript contains facts subject to reasonable dispute, particularly whether the defendant in the Florida case and the defendant in the present case were the same person. Moreover, the government's argument that the plea transcript is admissible under the public record exception to the hearsay rule pursuant to Rule 803(8) is unavailing. The only authority the government cites to support this contention, *United States v. Arias*, 575 F.2d 253 (9th Cir. 1978), does not support the government's position because the transcript cannot be used to prove the truth of a matter asserted during the transcribed proceeding. *Arias*, 575 F.2d at 254 n.1 (citing *Wong Wing Foo v. McGrath*, 196 F.2d 120, 123 (9th Cir. 1952) (holding "that a transcript of a former proceeding is not admissible under the government records exception to prove the truth of matters asserted by a witness quoted therein.")). Accordingly, the district court abused its discretion in admitting the plea transcript because it is not a public record. *See Hinkson*, 585 F.3d at 1251.

4.      The district court improperly took judicial notice of the judgment from the Florida case because courts cannot take judicial notice of facts subject to

reasonable dispute. *See Lee*, 250 F.3d at 689–90. The government argues the district court properly admitted the judgment under Fed. R. Evid. 803(22). However, because the parties contested at trial whether the person sentenced in the Florida case was in fact the defendant in the present case, the judgment does not meet Rule 803(22)(D)'s requirement that "when [a judgment is] offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant." Here, again, it is unclear that the "Luis Miguel Cerda-Ramirez" named in the judgment is in fact the same person as the defendant in the present case as the parties contested that issue at trial and Rule 803(22)(D) requires that a judgment from a previous conviction be a judgment against the same defendant. Therefore, the district court abused its discretion in admitting the judgment from the Florida case.

5. The record does not reflect that the district court took judicial notice of the USM-129. Indeed, the district court did not specify the basis on which it admitted the USM-129. Nevertheless, the district court properly admitted the USM-129 because the USM-129 is a public record admissible under Rule 803(8). Routine, non-adversarial records prepared by law enforcement personnel, such as the USM-129, are admissible. *Fryberg*, 854 F.3d at 1132. The USM-129 contains biographical information. Moreover, nothing in the USM-129 suggests that this document is adversarial in nature. Therefore, the USM-129 was admissible under

6

Rule 803(8) and the district court did not commit reversible error. *See Loyola-Dominguez*, 125 F.3d at 1318.

6. Even though the district court abused its discretion in admitting the complaint and accompanying affidavit, the plea transcript, and the judgment from the Florida case, the errors were harmless. Cerda-Ramirez was convicted of misdemeanor illegal entry under 8 U.S.C. § 1325. This means the government had to prove beyond a reasonable doubt that Cerda-Ramirez was (1) an alien (2) who knowingly entered the United States (3) at a nondesignated entry point. 8 U.S.C. § 1325; *cf. United States v. Arriaga-Segura*, 743 F.2d 1434, 1435 (9th Cir. 1984) (listing the elements for felony illegal entry, which includes an additional element as compared to misdemeanor illegal entry—the defendant must have previously been convicted of illegal entry). At trial, Cerda-Ramirez did not contest alienage because Cerda-Ramirez admitted that he is a Mexican citizen. Further, the government presented: (1) circumstantial evidence that Cerda-Ramirez entered the United States by scaling a fence and direct evidence that he thereafter hid from the Border Patrol; (2) Cerda-Ramirez admitted to a Border Patrol agent during a videotaped interview that he was born in Mexico and the tape was played to the jury; and (3) Cerda-Ramirez separately admitted to his arresting Border Patrol officer that he is a Mexican national. Taken together, the evidence sufficiently corroborates Cerda-Ramirez's admission that he is a Mexican national. *See United*

7

*States v. Nunez-Beltran*, 434 F. App'x 640, 642 (9th Cir. 2011). Accordingly, the record supports the jury's guilty verdict and the district court's errors in admitting the contested documents were harmless. *See United States v. Pena-Gutierrez*, 222 F.3d 1080, 1089 (9th Cir. 2000). Further, the jury convicted Cerda-Ramirez only on the lesser-included misdemeanor offense, not the felony charge. Thus, whether Cerda-Ramirez was the same individual convicted in the Florida case ultimately has no bearing on the verdict in this case.

7.     The district court erred by failing to instruct the jury that the jury did not have to accept the judicially noticed facts as conclusive pursuant to Fed. R. Evid. 201(f). *See Chapel*, 41 F.3d at 1342. We review this error for plain error under the following four-part test: (1) there must be error; (2) it must be plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See United States v. Perez*, 116 F.3d 840, 845–46 (9th Cir. 1997) (en banc) (citations omitted). The first two factors are met because it is undisputed that the district court failed to give the Rule 201(f) instruction. *Id*. at 846; *Chapel*, 41 F.3d at 1342. However, for the reasons detailed above, the district court's error was not prejudicial[1], *see Perez*, 116 F.3d at

---

[1] The Supreme Court has explained that an error affecting substantial rights "in most cases [] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *See United States v. Olano*, 507 U.S. 725, 734 (1993).

847, and the district court's error does not meet the fourth factor. *See Olano*, 507 U.S. at 727, 737, 741 (holding that though it was a violation of Fed. R. Evid. 24(c) for alternate jurors to be present during jury deliberations, the error did not constitute plain error because it did not affect substantial rights and the Ninth Circuit had no authority to correct it). Accordingly, the district court did not plainly err by failing to instruct the jury pursuant to Fed. R. Evid. 201(f).

**AFFIRMED.**